HekdersoN, Chief-Justice.
 

 I cannot perceive the least objection to the instructions given by the presiding judge. That partnership property is liable to the separate debts of individual partners ; that a consignment without value will not transfer the property ; that an as--signment of the consignee without value has no greater effect,- that a transfer by or for a debtor after the teste of a
 
 fi,. fa.
 
 is fraudulent, and void against tbe creditor ; that goods afloat, before duties paid or secured, arc liable to seizure under
 
 eifi.fa.
 
 saving nevertheless the rights of the government, are all propositions, 1 think, which cannot be contradicted. It is true, that the purchaser of partnership property, under a
 
 fi. fa.
 
 against one of the partners, stands in the place of such partner, and can only claim, so far as the article purchased extends, what that partner could claim, that is, a share in the profits, or rather surplus, after the payment of the debts of the firm. But what are the rights
 
 *52
 
 of the purchaser, or his relation to the other partners affects not the creditor in
 
 the ji. fa.
 
 or the sheriff, who jiag sejze(| ^]ie partnership effects.
 

 Act.uaT osses ■sionis.iot-neces-saiy 10 d»e yali-dityofasjicrifi’s sale, rtissuffi-S^uriecttoMs control.
 

 I have considered this case divested of the imputations • of fraud, which appear to he justly ascribable to it. But if they are considered, I cannot perceive even the sha-doAV of a doubt.
 
 Blair,
 
 the debtor, when about to enter the goods, either in his own name, or in that of
 
 Leroy,
 
 or in that of
 
 Leroy
 
 and
 
 Blair,
 
 requests the plaintiff to permit them to be entered, or to have them entered in his, the plaintiff’s, name ; and this with an avowed intent to hinder or delay his creditors, or to save himself from trouble in regard to them; meaning no doubt a contest with his creditors. The plaintiff assents, and becomes his instrument for such purposes. The whole transaction, if these be the facts, is fraudulent and void; not only by a legal inference, as being done after the
 
 tesie'
 
 of the
 
 fieri facias,
 
 but by an actual, express and designed fraud, to-wit, fraud in fact; and deserves no countenance, either in-law or morals.
 

 As to the sheriff’s not taking actual possession,not having ■the property present at the sale, and not delivering it to the purchaser, if these were wrongs, they were wrongs to others, and not to the plaintiff. If he seized not the goods, then even the allegation of the plaintiff fails; and this action, for that reason, fall to the ground. If he had not the goods present at the sale, and the sale should thereby be void, in this also the plaintiff is riot concerned or injured. If he did not deliver the salt to ^ie PUI>chaser, how is the plaintiff affected thereby ? But it requires not an actual seizure — a manucaption — to make a seizure or arrest in law. A submission to the domi- . . , . nion, power, will or control of the officer, is sufficient: *S a possession. And I apprehend here all was done that the law required. The captain declared that he would deliver the salt to the purchaser upon the duties being paid, and the purchaser accepted it on these terms. The salt being afloat, could not in that state he ¡brought on land, without a permit from the custom-house officer, which he would not grant until the' duties w»n-e
 
 *53
 
 scoured, which the sheriff was not bound to do. Nor was he bound to take notice, that the plaintiff had then secured them
 
 ;
 
 or if he did, he secured them apparently for himself, and not for
 
 Blair;
 
 and he did not apprize the sheriff of what he had done, and require him to have the salt present at the sale. Under these circumstances, the sheriff sold by a
 
 sample;
 
 and I think the law required nothing more of him. But the case needs not this protection. The plaintiff cannot complain of these acts as omissions, for as to him they are immaterial.
 

 3’er Curiam. — Judgment affirmeju