Nash, J.
 

 The case is as follows : John H. Bennett and Stephen R. Neil were partners in trade and as such owned the land in dispute, Bennett lived in Guilford in this State, where their business was carried on. Neil lived in Virginia. The firm owed a debt, secured by note executed by both the parties, and an action was brought upon it against Bennett alone, a judgment obtained, and at the execution sale the defendants became the purchasers. The sheriff1 conveyed to them the whole tract, and their deed was duly proved and registered. After this, another creditor of the firm sued Neil, the other partner by attachment, which was levied upon his interest in the same tract of land, obtained his judgment and at the sale of the sheriff under an execution duly issued, the plaintiff became the purchaser and the sheriff made him a conveyance for the land. The action is brought by the plaintiff
 
 *43
 
 to recover his share of the land. Upon the case agreed, his Honor below was of opinion the plaintiff could not recover and rendered judgment for the defendant.
 

 In the opinion of his Honor we do not concur. The only question presented is, what interest did the defendants acquire by their purchase ? Did they thereby acquire the legal title to the whole tract, or only the interest of the partner Bennett? lfthe former, then very clearly the judgment below was right, and the plaintiff could not recover. If the latter, then the plaintiff was entitled to his judgment. The land in question was partnership property, held by
 
 the
 
 partners Bennett and Neil, not as tenants in common» but as joint tenants.
 
 Baird
 
 v.
 
 Baird’s heirs,
 
 1st Dev. and Bat. Eq. 538. When a judgment was obtained against one of a firm, it was for a long time doubted how the sheriff should proceed ; whether he could take the property of the firm, or not. It is now settled that the sheriff may seize and sell the
 
 interest
 
 of the debtor against whom the execution is sued. What that interest is or may be, it is, in many cases, impossible to ascertain, until a final adjustment of all the partnership concerns. The purchaser at such sale must take such Interest as the partner had; he could acquire no more. Story on Partnership, Sec. 260, 1,2, 3. In the case before us, the judgment, under which the defendants claim the land, was against Bennett, and, although the Sheriff’s deed covers the whole tract, in truth it conveyed to them nothing but the interest Bennett had. The sheriff could seize nothing more, and of course he could sell and convey nothing more. If he could, the purchase would by the sale have acquired what was not in Bennett, either in law or Equity. He had only an undivided interest and which could only be divided by first freeing the land from the partnership debts. And the purchaser must take it in the same manner the debtor himself had .it, and subject to the rights of the other partner Neil.
 
 Skip
 
 v.
 
 Harwood,
 
 1st Vy. St 239. Story on Part»
 
 *44
 
 nership 261, in note. It makes no difference in this case, that the debt was a partnership debt; the judgment was a separate one againt Bennett, to which Neil was no party.
 
 Jackey
 
 v.
 
 Butler,
 
 2nd Ld. Ray. 871. Collier on Partnershp, 474. Nothing but the interest of the judgment debtor being sold, that of the other partner, Neil, was subject to a like sale on a judgment against him; and the purchaser under the execution became a tenant in common of the land with the defendants, subject to the Equities existing between them, as respectively representing the original partners. With these Equities we have now nothing to do. Some stress seems to be laid upon the fact, that, at the time the attachment issued against Neil, Bennett, the other partner ,was residing in Guilford County. We do not consider this circumstance as affecting the question. Bennett had no farther interest in the land in question ; and though he might have been again sued by every creditor of the firm, they could have no farther redress against the land as to his interest in it. To reach that of Neil it was necessary to sue him ; he was in Yir. ginia, but under the attachment he could still be made liable. The only effect of a recovery by the plaintiffin the present action is to admit him into the possession of the land in controversy, as a tenant in common with the defendants.
 

 The judgment below must be reversed and judgment be rendered for the plaintiff.
 

 Per Curiam Judgment accordingly.