Nash, C. J.
 

 The doctrine of the liability of the goods of a firm, to be taken in execution to pay the individual debts of a member of the firm, is now fully established in this State ; that an execution against one of the members may be levied on the goods by a sheriff, and that it is his duty to seize them and to sell the interest, which the defendant, in the execution has in them. Nor can any action at law be maintained, either against the officer for seizing and selling, or against the purchaser for taking possession of them.
 
 Tredwell
 
 v.
 
 Rascoe,
 
 3 Dev. 50;
 
 Blevins
 
 v.
 
 Baker,
 
 11 Ire. 291;
 
 Price
 
 v.
 
 Hunt,
 
 11 Ire. 42;
 
 McPherson
 
 v.
 
 Pemberton,
 
 
 *29
 
 1 Jones 378;
 
 Vann
 
 v. Hussey, 1 Jones 381. Such also is the law of England,
 
 Parker
 
 v. Pistor, 3 Bos. and Pul. 288. Collier on Partnership, 474.
 

 These authorities also establish the principle, that when the goods of a firm are sold under an execution, to satisfy an individual debt of a member of the firm, “ the vendee of the sheriff becomes tenant in common with the other copartners,”
 
 Pope
 
 v. Haman, Comb. Rep. 217. In the case before us, Pender and Carstarphin were copartners in trade'. An action was brought against the latter for his individual debt, by the present defendant; a judgment obtained, and an execution levied upon the stock of goods of the firm. At the sale, the defendant became the purchaser of the whole, took them into possession, sold them, and appropriated the proceeds to his own use. After the rendition of the judgment, and the test of the execution, the partners conveyed the whole of their stock in trade to the plaintiff, in trust, to pay the debts of the firm. The, legal title to the goods passed to the plaintiff, subject to the execution lien. Upon the sale and purchase by the defendant, of the goods, he became tenant in common of them with the plaintiff. One tenant in common cannot, in general, bring an action against his co-tenant for the possession; each being equally entitled to it. But where one tenant in common of a personal chattel sells.it, and thereby converts it into money, the joint interest is destroyed, and each has a separate interest for a sum certain, and may support an action for money had and received. Willes’ Rep. 209, 8 Term, Rep. 146;
 
 Selden
 
 v. Hickirk, 2 Caines’ Rep. 166; 1 Chit, on Plea. 45.
 

 There might have been some difficulty, as this is a partnership concern, in ascertaining to what amount the plaintiff was entitled; but the difficulty is removed by the parties themselves. In the case agreed, it is stated, that if the plaintiff can maintain his action, he is entitled to recover the sum of $295, with interest from 29th Jan., 1855; for which sum, his Honor gave judgment. The only question referred to this
 
 *30
 
 Court is, whether the plaintiff can maintain his action. We are of opinion that he can.
 

 Per Curiam.
 

 There is no error in the judgment below, and it is affirmed.