J. J. HASTY and wife v. ROBERT SIMPSON.

*Practice--Supplemental Proceedings--Place Where Defendant Shall Appear and Answer.*

Supplemental proceedings should be instituted in the County where the judgment was rendered, but the place designated where the defendant shall appear and answer should be within the County where the defendant resides.

(*Hutchison* v. *Symons*, 67 N. C. 156, cited and approved.)

SUPPLEMENTAL PROCEEDING, heard at Chambers on the 28th of October, 1875, before *Buxton, J.*

The facts are sufficiently stated by Mr. Justice FAIRCLOTH.

The defendant appealed from the judgment of the Court below.

*Messrs. Platt D. Walker* and *Merrimon, Fuller & Ashe,* for plaintiffs.

*Messrs. W. J. Montgomery* and *C. Dowd,* for defendant.

FAIRCLOTH, J.  The plaintiffs obtained a judgment in Union County against the defendant and caused an execution to issue to the Sheriff of Mecklenburg County, where the defendant resides, which was returned to Union County "unsatisfied." They then instituted supplemental proceedings before the Clerk of Union County and obtained an order requiring the defendant to appear before said Clerk, and answer.   The defendant denies the jurisdiction of said Clerk of Union County and insists, that by virtue of C. C. P. § 264, (1), he has a *right* to be examined in Mecklenburg County " to which the execution was issued "

On appeal, His Honor affirmed the order of the Clerk and the defendant appealed to this Court.

No copy of the affidavit is found in the transcript, but we assume from the statement made for this Court that the affidavit was made in pursuance of the remedy given in division (1) of said section.   The object of supplemental proceedings is to afford the creditor an equitable remedy for the enforcement of his judgment without the trouble, expense and delay which attended a bill in Equity under the old system, and is designed to do so with every convenience to the debtor consistent with the rights of the creditor.

Under the original Code, executions might be issued from any County where the judgments had been docketed, and were returnable to the Court from which they issued ; but since the Act of 1871-'2, ch. 74, § 1, executions shall issue *only* from the Court in which the judgment was rendered.

In *Hutchison* v. *Symons,* 67 N. C. 156, it was held that proceedings supplementary should be instituted in the County in which the action is pending ; that is, where the judgment was rendered ; and we are now to say where the defendant

shall appear and answer when residing in a different County. The inconvenience of the "Court or Judge" going to such County to which execution had been issued, is quite manifest, and possibly on that ground the latter part of said section (1) might be disregarded, but the difficulty is removed by C. C. P. § 272, which authorizes the Judge to appoint a Referee "to report the evidence or the facts;" and § 268 is authority for requiring a party or witness to appear before the Referee, &c. Thus without inconvenience to the Court, the rights of the creditor and debtor are preserved in the manner designed by this chapter of the Code.

There is error. Let this be certified to the Court below.

PER CURIAM.                              Judgment reversed.