COATES BROS. v. JOHN WILKES.

*Supplemental proceedings—Jurisdiction of the Supreme Court—Questions of fact—Receivers— Witness—Production of books.*

1. Supplemental proceedings are substituted in the present system of procedure for the method of granting relief in equity in the former system, in favor of a judgment-creditor after the remedy at law by execution had been exhausted. They are incidental to the original action, and to accomplish their purpose of reaching the judgment-debtor's property of every kind that cannot for any cause be reached by execution, injunctions may be granted and receivers appointed in them as occasion may require.

2. The appointment of a receiver in these proceedings does not rest solely in the discretion of the judge, and his action in appointing or refusing to appoint is subject to review by the Supreme Court.

3. It is not necessary in order to warrant the appointment of a receiver in such proceedings that it should appear with perfect certainty that the debtor has property which ought to be applied to the payment of the judgment. It is sufficient if there is reasonable ground to believe that he has such property.

4. The general principles of law applicable to receivers apply to those appointed in supplemental proceedings. It is the duty of such receiver to take possession of the property of the debtor at once, and to bring actions to recover any property belonging to him which may be in the hands of third persons.

5. The motion for such receiver may be made before the judge, pending an appeal to him from the ruling of the clerk upon other questions.

6. In applications for receivers and injunctions in supplemental proceedings, the Supreme Court will examine the evidence and pass upon the facts.

7. In actions *purely equitable*, the Supreme Court has jurisdiction to pass on the *questions of fact* as distinguished from the *issues of fact*, where the evidence on which the judge below acted accompanies the record and can be examined by the appellate court.

8. In supplemental proceedings the evidence should all be taken down in writing.

9. Where the judgment-debtor is examined, the creditor does not make him his witness, but may cross-examine and contradict him. The provision in The Code, allowing the examination of parties to actions, takes the place of the bill for discovery in the former system of procedure.

10. Where the examination of the debtor shows that his books of account contain evidence material to the investigation he should be required to produce them.

(*Hasty* v. *Simpson*, 77 N. C., 69; *Rand* v. *Rand*, 78 N. C., 12; *Hinsdale* v. *Sinclair*, 83 N. C., 338; *Gillis* v. *Martin*, 2 Dev. Eq., 470; *Graham* v. *Skinner*, 4 Jones Eq., 94; *Jones* v. *Boyd*, 80 N. C., 258; *Young* v. *Rollins*, 90 N. C., 125; *Worthy* v. *Shields*, *Ibid.*, 192; *Twitty* v. *Logan*, 80 N. C., 69; *Railroad Co.* v. *Wilson*, 81 N. C., 223; *Levenson* v. *Elson*, 88 N. C., 182; *Hanna* v. *Hanna*, 89 N. C., 68; *Justice* v. *The Bank*, 83 N. C., 8; *McLeod* v. *Bullard*, 84 N. C., 515; *Commissioners* v. *Lemly*, 85 N. C., 379, cited and approved).

MOTION for a receiver, in supplemental proceedings, heard before *Graves, Judge*, at Chambers in ROWAN county.

His Honor refused the motion, and the plaintiff appealed.

*Mr. B. C. Potts*, for the plaintiffs.
*Mr. J. S. Henderson*, for the defendant.

MERRIMON, J. The plaintiff obtained judgment at Spring Term of 1874, of the Superior Court of Rowan county, against

the defendant for the sum of $31,187.17 and costs. The defendant then, and ever since that time, has resided in the county of Mecklenburg. The judgment mentioned was docketed in the Superior Court of the latter county, on the 9th day of September, 1874. Executions against the property of the defendant, repeatedly issued upon this judgment from the Superior Court of Rowan county, directed and delivered to the sheriff of Mecklenburg county, and the last one was so issued and delivered on the 21st day of August, 1880. These executions were each successively returned by the sheriff, wholly unsatisfied.

Afterwards, on the 21st day of April, 1883, the plaintiffs begun their proceeding, supplementary to the execution upon the judgment mentioned, in the Superior Court of Rowan county against the defendant.

On that day, an order was entered by the court (the clerk), requiring the defendant to appear therein and answer concerning his property as required by law, and he was forbidden to transfer or make any other disposition of his property not exempt from execution, until the further order of the court.

Afterwards, on the 8th day of May, 1883, the defendant was examined in pursuance of that order at length before the court, in respect to his property. Upon such examination, the plaintiff moved that the defendant be required to produce the books of account and record of business, that the defendant alleged belonged to Mrs. Jane Wilkes, his wife, to the end the same might be examined and used as evidence in such proceeding. The court (the clerk), refused to grant this motion of the plaintiff. From the order denying the same, the plaintiff appealed to the judge.

Afterwards, on the 21st day of January, 1884, upon notice to the defendant, the plaintiffs moved before the judge in the same proceeding that a receiver be appointed in that behalf; and, at the same time, the judge heard the appeal mentioned above.

The plaintiffs supported their motion for a receiver by the testimony of the defendant taken as stated above, and the depositions

of other persons, all of which are sent up as part of the case settled upon appeal for this court.

The judge found the facts of the matter so before him, denied the motion for a receiver, and affirmed the order of the court (the clerk), denying the plaintiffs' motion that the defendant be required to produce the books mentioned. The plaintiffs excepted, and appealed to this court.

The defendant's counsel raised numerous objections to the application of the plaintiffs for a receiver. Among other things he insisted here, first, that the findings of the facts by the judge below is conclusive, and this court has no authority to review the same, and secondly, that if this is not true, then, such findings are correct and fully warranted by the evidence.

We think it very clear, that these objections cannot be sustained.

The proceedings supplementary to the execution in an action, as allowed and provided for by *The Code*, secs. 488–500, are mainly, if not altogether equitable in their nature. While, perhaps, they go beyond in some respects, they are in large part a substitute for, and take the place of, the methods of granting relief in equity in favor of a judgment creditor as against his judgment debtor, after he had exhausted his remedy at law by the ordinary process of execution, as these prevailed before the present Code System of procedure was adopted. *Hasty* v. *Simpson*, 77 N. C., 69; *Rand* v. *Rand*, 78 N. C., 12; *Hinsdale* v. *Sinclair*, 83 N. C., 338; *High on Rec.*, 401.

In the order of procedure, such supplementary proceedings are incident to the action; they extend and enlarge its scope for the purpose of reaching the judgment debtor's property of every kind subject to the payment of his debts, that cannot, for any cause, be successfully reached by the ordinary process of execution, and subjecting the same, or so much thereof as may be necessary, to the payment of the judgment.

In effectuating this purpose, it very frequently becomes necessary to grant relief by injunction and the appointment of a receiver, as in other cases. Indeed, a receiver is appointed almost

as of course, where it appears that the judgment debtor has, or probably has, property that ought to be so subjected to the satisfaction of the judgment, after the return of the execution unsatisfied. The receivership operates and reaches out in every direction as an equitable execution, and it is the business of the receiver, under the superintendence of the Court, to make it effectual by all proper means.

If it appear that the debtor has funds or property in his own hands, the Court may, by proper order, apply the same to the judgment; but if the title to the property alleged or claimed to be that of the debtor, be in dispute, or it be disposed of by the debtor, in fraud of creditors, in such way as that it cannot be promptly reached by execution or the order of the Court, then a receiver may be appointed at once. And it is not essential to such appointment, that it shall actually appear that the debtor has property; if it appear with reasonable certainty, or that it is probable that he has property that ought to be subjected to the payment of the judgment, a receiver may be appointed. *Blood-good* v. *Clark*, 4 Paige, 574; *Osborne* v. *Hyer*, 2 Id., 342; 2 *Whit. Pr.*, 697; *High on Rec.*, 400, *et seq.*, and notes.

It is an important part of the duties of the receiver to take possession and get control of the property of the judgment debtor, whether in possession or action, as soon as practicable, and to bring all actions necessary to secure and recover such property as may be in the hands of third parties, however they may hold and claim the same, and particularly to recover property conveyed to third parties fraudulently as to creditors.

The general principles of law applicable to receivers, apply as to them in the case of supplementary proceedings; and *The Code*, §494, specially authorizes their appointment in such cases, and §497 provides that if it appear that a person or corporation alleged to have property of the judgment debtor, or indebted to him, claims an interest in the property or denies the debt, such interest or debt shall be recoverable only in an action against such person or corporation by the receiver, and the Court is

authorized to prevent any transfer or other disposition of such property, until sufficient opportunity shall be afforded the receiver to bring the action and prosecute the same to judgment and execution.

The judgment debtor cannot complain at the appointment of a receiver. If he has property subject to the payment of his debt, it ought to be applied to it; if he has not such property, this fact ought to appear, with reasonable certainty, to the satisfaction of the creditor. The receiver proceeds to do this, not at the peril of the debtor, but at his own peril, as to costs, if he fails in his action. The purpose of the law in such proceedings, is to afford the largest and most thorough means of scrutiny, legal and equitable in their character, in reaching such property as the debtor has, that ought justly to go to the discharge of the debt his creditor has against him.

It thus appears that supplementary proceedings are incident to the action, equitable in their nature, and that an injunction may be granted and a receiver may be appointed as occasion may require.

This Court has no authority to review, change, or modify in any respect, the findings of fact by the Court below, in matters purely legal in their nature. But, while the Legislature has not undertaken to provide how the facts in actions and matters purely equitable in their nature shall be ascertained, otherwise than as in actions where the matter in litigation is purely legal in its nature, it is settled, that in equitable matters wherein the evidence is and must be written in the form of affidavits, or depositions, or is documentary, and the court below finds the facts, this Court has authority, and it is its duty in a proper case, upon appeal, to consider the evidence before that court, review its findings of fact, and sustain, reverse or modify them. It has uniformly done so since the amendment of the Constitution in 1877 (Art. 4, §8) in respect to applications for injunctions, receivers, and like applications wholly equitable in their nature, wherein *questions of fact,* as distinguished from *issues of fact,* have been passed

upon by the Superior Court. In such applications all the evidence before the court must, upon appeal, be sent to this Court, and here considered. In such cases this Court takes cognizance of and reviews the evidence, and finds the facts, just as it did in equity cases before the present Constitution and *The Code* method of procedure were adopted. *Gillis* v. *Martin*, 2 Dev. Eq., 470; *Graham* v. *Skinner*, 4 Jo. Eq., 94; *Jones* v. *Boyd*, 80 N. C., 258; *Young* v. *Rollins*, 90 N. C., 125; *Worthy* v. *Shields*, Id. 192.

But this Court cannot review the evidence and findings of fact in cases purely equitable, where *issues of fact* are tried; because such issues, under existing laws, are tried by a jury, just as in cases at law, and, besides, no method has been devised or provided by the Legislature, under the present Constitution, for taking the evidence in such cases, in such shape as that it could be sent to this Court to be considered, if it were competent for it to do so. It is not essential that *questions of fact* shall be tried by a jury; the evidence submitted to the court upon such questions is generally, and ought to be, in the shape of affidavits, depositions and documentary—such as can, upon appeal, be easily sent to this Court. And it is only in matters purely equitable, where such evidence is received, that this Court can consider the evidence and review the findings of fact by the Court below.

It has been suggested, that *The Code*, §491, provides that "witnesses may be required to appear and testify on any proceedings under this chapter, (that in respect to supplementary proceedings), in the same manner as upon the trial of an issue," and therefore, each witness examined must testify *ore tenus*, just as witnesses do on the trial of an issue of fact by a jury, so that the evidence could not be taken down in writing and sent to this court for review, upon appeal from an order granting or denying a motion for an injunction or a receiver in such proceedings, as in like applications in other proceedings and actions.

This is not a proper interpretation of the section quoted. It has reference to the manner of compelling witness to appear

before the clerk, a referee, or the Judge, and testify, as by *subpœna* or attachment, and not to the manner of taking, applying and preserving the evidence. The witness may be "required," that is, compelled, to appear and testify—his testimony may be received, taken down, as the aspect, or circumstances of the proceedings and the general principles of law applicable may require. In many—most—respects, in such proceedings, the evidence must in the nature of the matter, be taken down in writing, as when i. is taken by the clerk or a referee, to the end the Judge may, in contingencies provided for, examine, review and pass upon it. As for example, in the next section after that quoted, it is provided that if the examination of witnesses be taken by a referee, he shall certify it to the court and Judge.

We can see no reason why the application for a receiver, or an injunction in such proceedings, shall not stand upon the same footing as to the power of this Court to review the facts upon appeal, as the like application in other cases. Indeed, in the same chapter, in respect to the same subject, *The Code*, §494, provides that, "The court or Judge having jurisdiction over the appointment of receivers, may also by order, *in like manner and with like authority*, appoint a receiver in proceedings under this chapter, of the property of the judgment debtor, whether subject or not to be sold under execution, except the homestead and personal property exemption." This plainly means, that the application for a receiver shall be made in like manner as in other cases—that is, the motion shall be supported by affidavits and other written or documentary evidence. And it is likewise provided, in the chapter of *The Code* (sec. 379), prescribing the powers of the courts to appoint receivers generally, that the Court may appoint them in cases, "where an execution has been returned unsatisfied, and the judgment debtor refuses to apply his property in satisfaction of the judgment." This has reference to supplementary proceedings and cases like that now under consideration. It seems to us, therefore, that the appointment of a receiver in such proceedings stands upon the same footing, and is subject to the same appellate jurisdiction as like appointments in other cases.

In this case, the plaintiff applied for a receiver as allowed by *The Code*, §494. The evidence submitted to the Judge in support of the motion consisted of the examination of the defendant, (the questions and answers thereto being necessarily reduced to writing), and the depositions of two other witnesses. The Judge considered the evidence, found the facts and denied the motion. All the facts before him have been sent up with the appeal, and we have them before us just as the Judge below had them before him. The motion before him was equitable, and incidental and collateral in its nature, and raised a question of fact in the supplementary proceedings, just as if the motion had been made in any other stage of the action, before final judgment, in which it might be pertinent to apply for a receiver.

This Court may, therefore, consider the evidence, review the findings of fact by the Judge, and sustain, reverse or modify them.

Upon a careful examination and consideration of the evidence, we cannot concur in the findings of the facts by the Judge. We think there was evidence tending strongly to show a disposition by the defendant of his property, fraudulent as to his creditors.

It was not necessary, indeed, not proper, under the circumstances of this case, for the Court to find *conclusively*, whether or not the defendant had certainly made a disposition of his property, fraudulent as to his creditors. If there was evidence tending strongly to show such a disposition of it, or that he was refusing, covertly or otherwise, to apply his property to the judgment, this was sufficient to warrant the appointment of a receiver, to the end, that he might take such steps, and, if need be, bring such actions as would enable him to secure and recover any property of the defendant so conveyed or withheld by him, to be applied to the judgment of the plaintiff. To warrant the appointment of a receiver, it need not appear, certainly or conclusively, that the defendant has property that he ought to apply to the judgment—if there is evidence tending in a reasonable degree to show that he probably has such property, this is sufficient, or if

it appears probable that he has made a fraudulent conveyance of his property as to his creditors, this is sufficient.

We do not deem it necessary or proper to analyze and comment upon the evidence before us, and indicate specially such parts of it as lead us to a conclusion different from that reached by the Judge in his findings of fact. It is sufficient that we are satisfied that the facts were such as to warrant and require the appointment of a receiver as demanded by the plaintiffs. Any comment upon the evidence might prejudice the defendant, or third parties claiming property alleged to be his, in actions that the receiver may hereafter bring. This we ought not, and certainly have no inclination to do. The receiver, when appointed, will bring such actions as he may be advised he ought to bring, and establish his cause of action, if he shall have any, without regard to the finding of facts upon this application for a receiver. Our views of the evidence in the matter now before us cannot be allowed to prejudice persons not parties to the proceedings.

The counsel for the defendant contended, on the argument, that the plaintiff, having examined the defendant, thus made the latter his witness, and, therefore was bound by his testimony.

This argument has only seeming force. By the general rules of evidence, the party introducing a witness may show that the latter is mistaken, and he is at liberty to show that the facts are otherwise than as stated by such witness; he may not, however, impeach him directly by showing that he is unworthy of credit. But the examination of parties to actions is regulated by statute, and *The Code*, §583, provides that "The examination of a party thus taken may be rebutted by adverse testimony." This is a general provision and applies to and embraces the examination of a party or parties in supplementary proceedings as well as in other cases. The method of such proceeding in the action is peculiar, and it was appropriate to provide specially in that respect and connection for the examination of the judgment debtor; but this does not prevent the operation and application of other general statutory regulations in respect to the examination

25

of parties, where they are pertinent. We can conceive of no sufficient reason why they should not so apply, and, on the contrary, the general scope and purpose of *The Code,* §583, cited above, shows that it must apply. This general statutory provision, that in cases where a party to the action is examined, such examination may be rebutted by adverse testimony, rests in some measure, perhaps not altogether, upon the ground that the party examined is supposed to be adverse to the party examining him; the latter is therefore allowed by the statute to rebut what he says by adverse testimony, and hence, also, the examining party may cross-examine and put leading questions to the party examined. The latter is, in theory, the witness of the former; but he is, in fact, adverse to him in interest, and the statute is intended to modify the general rules of evidence applicable in cases when parties to the action are examined.

In supplementary proceedings, the judgment-debtor, for the same consideration, and in the same measure, perhaps in greater measure, is in fact adverse to the judgment-creditor. Why, then, shall the judgment-creditor not have the right to rebut the testimony of the judgment-debtor in such proceedings as allowed by the statute mentioned? There are no words of limitation in this statute, it is broad and comprehensive, and embraces the examination of parties to the action in all cases. Such supplementary proceedings are part of the action, as we have seen, and the judgment-debtor is a party to the action. The provisions of the Code of Civil Procedure, in respect to the examination of parties to the action, take the place of and supersede the bill of discovery used in the former courts of equity, and, as we have said, the statute modifies the rules of evidence in such cases.

It was also contended on the argument, that in supplementary proceedings, the appointment of a receiver rests solely in the discretion of the judge and that no appeal lies from his decision. This is a mistaken view of the statute. *The Code,* sec. 494, provides that "The court or judge having jurisdiction over the appointment of receivers may also, by order and in like manner,

and with like authority, appoint a receiver in proceedings under this chapter, of the property of the judgment-debtor, whether subject or not to be sold under execution, except the homestead and personal property exemptions." So that the authority to appoint receivers in such proceedings, is the same as in other cases, and the judgment of the judge is reviewable by this court upon appeal. *Twitty* v. *Logan,* 80 N. C., 69; *Railroad Co.* v. *Wilson,* 81 N. C., 223; *Levenson* v. *Elson,* 88 N. C., 182; *Hanna* v. *Hanna,* 89 N. C., 68.

The objection that the motion for a receiver was made before the judge, pending the appeal to him from the order of the court entered by the clerk, denying the motion to compel the defendant to produce his books, and was, therefore, inopportune, cannot be sustained. The appeal and the motion for the receiver, were in the same case and before the same judge, he had complete jurisdiction of both, and might dispose of the whole matter at once, as he did do. The purpose of the appeal was to obtain the direct action of the judge of the court in respect to the matter involved in it; indeed, the judge was simply called upon to correct a ruling made by the clerk representing him, as allowed by the statute in such cases.

The defendant admitted that he had possession of the books required by the plaintiffs, and his examination shows that they contained accounts and statements that would afford evidence material to the matters under investigation. He declined to produce them upon the general ground that he was not bound to do so, and the judge so held. In this there is error ; he ought to have required their production as provided by *The Code,* sec. 578. *Justice* v. *Bank,* 83 N. C., 8; *McLeod* v. *Bullard,* 84 N. C., 515; *Commissioners* v. *Lemley,* 85 N. C., 379.

Let this opinion be certified to the Superior Court of Rowan county, to the end that the motion for a receiver be allowed, and other and further proceedings be had in the action according to law. There is error.

Error.                                     Reversed.