### J. C. MUNDS v. H. C. CASSIDEY.

*Deed—Description—Seal—Proceedings Supplemental to Execution—Homestead and Exemptions.*

1. Proceedings supplemental to execution are in the nature of a creditor's bill, and it being the policy of the law to settle the entire controversy in one action, it is not error to permit a third party to interplead and assert title to the property which is sought to be subjected.

2. An error in the final settlement of an executor may be shown and corrected, in an action in which it collaterally comes in question, wherein the persons affected are parties.

3. A deed conveying " all the right, title and interest devised by the will of the late J. C. (to the vendor) in and to the undivided property, of whatever nature, situated in blocks 99 and 165," in a plan of the city of Wilmington, passes all the estate which the vendor took as *devisee,* but not such as descended to him as *heir-at-law.*

4. A deed purporting to convey the estate of the vendors in certain city lots, "being the property devised by J. C., deceased, to *F* and *H*, in his will," does not pass pecuniary legacies provided for them in the will.

5. An instrument having the form of a deed, but executed without seal, is not a deed : but where it appears that it was made with the intent to pass an estate, and is otherwise sufficient for that purpose, it will be enforced in equity.

6. The person claiming the exemptions from execution must be an actual and not a constructive resident. Therefore, one who has been a resident, but has removed from the State with the expectation of returning at some uncertain time, is not entitled to the exemptions.

(*Downey* v. *Smith*, 2 Dev. Eq., 535; *Ponton* v. *Griffin*, 72 N. C., 362; *Millhiser* v. *Erdman, ante*, 292; *Lowdermilk* v. *Bostick, ante*, 299; *Ferrebee* v. *Proctor*, 2 D. & B., 439; *McLeran* v. *McKeethan*, 7 Ired. Eq., 70; *Beaver* v. *Jennings*, 89 N. C., 451; *Rand* v. *Rand*, 78 N. C., 12; *Hinsdale* v. *Sinclair*, 83 N. C., 338, cited).

.Exceptions to referee's report, made in Proceedings Supplementary to Execution, heard by *Connor, Judge,* at Fall 'Term, 1887, of NEW HANOVER Superior Court.

From the judgment confirming the report both parties appealed.

James Cassidey died in December, 1866, leaving a will, which has been admitted to probate, and among other dispositions of his property contains a clause in the words following:

"After the death of my wife I desire and direct that my dwelling-house and lot, or homestead, as above described, and also my said brick house and lot on Market street, shall be sold by my executor, in such manner and on such terms as he may deem best and most advantageous, and from the proceeds of such sales I give to my son, Francis A. L. Cassidey, the sum of two thousand dollars, and to my son, Henry Clay Cassidey, the sum of one thousand dollars, and all the residue of the proceeds of the said sales I give to be generally divided among all of my children, including Frank and Henry."

In January, 1882, the testator's wife having died, the executor, Robert Henning, in pursuance of the will, sold the homestead, brick house and lot on Market street, and distributed the proceeds as directed, appropriating to the two sons the sums respectively given to each, increased by the addition of their shares one-seventh of the surplus, to-wit, seven hundred and fourteen dollars and fourteen cents.

In April, 1884, the executor rendered and filed in the clerk's office his final account of administration of the estate, and also an account stated with the said Francis A. L. and Henry C., in which is shown to be jointly due them the sum of nine hundred and nineteen dollars and eighty-two cents, which he then paid into the office.

On the 9th day of December, 1870, the said Francis A. L. executed a deed to said Henry C., the operative words in which undertake to convey certain property therein thus described: "all the right, title and interest devised by the will of the late James Cassidey to Francis A. L. Cassidey, in

and to the undivided property of whatever nature, situated in blocks 99 and 165, according to Turner's plan of the City of Wilmington, to have and to hold," &c., and the land thus referred to is conceded to be that sold by the executor.

The plaintiff, under supplemental proceedings, pursues and seeks to subject to the payment of his judgment against said Henry C. so much of the fund in the hands of the clerk as may be necessary for its satisfaction, insisting that by virtue of said deed it had become and was exclusively the property of the debtor.

At January Term, 1887, of the Superior Court of New Hanover, the said Francis A. L., for himself and as trustee for his wife, Henrietta Bell, and others, under deeds theretofore executed, is allowed to file an interplea, which he does at great length, detailing the financial relations between himself and said Henry C., and other matters pertinent and explanatory, denying that the debtor is entitled to any of said moneys, and demanding that a restraining order, previously issued, detaining them in the clerk's office, be dissolved, and that the clerk be directed to pay over said moneys to him. At the same time a reference was made to Eugene S. Martin, Esq., "to find all the facts and the law in the case," and that he report at the next term.

The referee made his report accordingly, in which he finds that the debtor was entitled to no part of the moneys deposited with the clerk by the executor, and that they belonged wholly to said Francis A. L.; and further, that the deed of December 9th, 1870, from said Francis A. L. to his brother Henry C., by reason of insufficient words of description of the subject matter, was inoperative to transfer the fund.

To the report the plaintiff filed sundry exceptions, which, summarily stated, are :

1. To the finding that the deed of December 9th, 1870, was ineffectual as an assignment of the fund.

2. To the finding that the executor's account is wrongly stated, and in correcting the same; and

3. To his considering the claim by interpleader in the causes.

These exceptions were overruled, the report confirmed and judgment rendered against the plaintiff, and he appealed.

*Mr. J. D. Bellamy,* for the plaintiff.
*Mr. C. M. Busbee,* for the defendant.

SMITH, C. J., (after stating the case). The first inquiry arising upon the exceptions is as to the regularity of the action of the Court in admitting the claim to the fund made in the interplea.

Proceeding supplementary to execution is but a prolongation of a pending action, and as full redress, both in law and equity, may now be obtained by a resort to this statutory remedy, it is but a substitute for the former creditor's bill, and partakes of its essential nature as a new and independent, though subsidiary suit, as held in *Rand* v. *Rand,* 78 N. C., 12; *Hinsdale* v. *Sinclair,* 83 N. C., 338. Hence the right to sue out the process rests upon the same general conditions and limitations as the creditor's bill in the former practice, and it is in accord with the policy of the new system to settle all controversies about the right to property in litigation, where the nature of the action will admit, to allow a new claimant to come in and interplead. *The Code,* §189.

2. The executor having stated his account with said Francis and Henry as a joint account and as equally interested in the fund, when in fact they were not, it was entirely competent for the referee to adjust it properly between them, a matter in no way injurious to the executor, for the amount remains unchanged, thus showing that none of it belonged to the judgment debtor, and that the said Francis was entitled to it all.

36

3. The next exception is to the finding that the deed conveyed no interest in the fund subject to the plaintiff's process.

The exception, in our view, is well taken, and there is error in overruling it. When the assignment was made the land remained as it was when the testator died. The terms of the devise and the description of what was intended to be transferred in the deed from the one to the other of the parties to it have been already set out and need not be repeated. The estate in remainder during the wife's life descended to the heirs-at-law, of whom the said Frank and Henry were two, and these latter had only a fractional share, unless there is some other clause in the will by which it is devised, and their interest was only in the proceeds of sale when the property was sold. *Ferebee* v. *Proctor*, 2 D. & B., 439; *McLeran* v. *McKethan*, 7 Ired. Eq., 70; *Beam* v. *Jennings*, 89 N. C., 451.

Now, the conveyance of the property in this condition is of "all the right, title and interest of the assignor devised by the testator," in and to the undivided property of *whatever nature*, situated in blocks designated by numbers in the plan of the city.

In the absence of other dispositive words in the will to interrupt the descent, the fractional shares so descending to all the testator's children are not embraced in the deed, which is confined to such interest as these brothers derive under the will, and not to such as come to them as heirs-at-law. The legal estate does not pass, and consequently nothing can but what is given in the will. The instrument is unmeaning unless the construction put upon it embraces the moneys to which the assignors would become entitled when the conversion is made by the executor.

Again, this interest is in the undivided property, of whatever nature, in the specified lots, that is, in what may be derived from the sale of the lots. In our opinion, such is the manifest intent of the parties, and it is sufficiently de-

fined in the terms employed to give it full effect. *Lowdermilk* v. *Bostick*, at this term.

There is error, and the judgment must be reversed, to the end that the cause may proceed in the Court below.

Error.

### THE DEFENDANT'S APPEAL.

The facts are stated in the opinion. -

SMITH, C. J. After disposing of the plaintiff's appeal it was declared that the judgment debtor had no interest in and was entitled to no part of the moneys paid into the clerk's office by the executor, as devised under the testator's will, and further, that there was error in the ruling of the Court that words descriptive of the subject matter of the conveyance from Francis A. L. to the said Henry C., of date December 9th, 1870, do not embrace any interest given him in the proceeds of the lots sold. The present appeal brings before us certain other antecedent deeds passing between the parties, and raises an inquiry as to the title of the said Francis A. L. to the fund to be derived from the sale, when made, and his right to dispose of it at the time when he executed the deed.

The descriptive words used in these deeds and in an instrument made on January 30th, 1871, in the form of a deed, but without a seal to make it such in law, relating to the same subject, are essentially alike, sufficient, in our opinion, to embrace the pecuniary legacies to be raised by the sale of the lots.

The two deeds reciprocally passing between the said legatees bear the same date, April 14th, 1870, without evidence as to priority of execution, are upon the consideration of the natural love and affection borne by the respective donors

towards Henrietta, wife of said Francis, and a small sum to give effect to the conveyance paid by the donees. The object of both deeds is to provide for the *feme covert*, and accordingly her husband conveys his interest under the will upon a trust declared to be for her use and benefit during life, with power in her to direct a change of investment when deemed proper. At the same time the said Henry C. conveys, for the like consideration of his natural love and affection for the said Henrietta and her son, (his nephew), Henry Cassidey, his interest in the same property, designating it in similar terms, and omitting some of that mentioned in his brother's deed, which, if not a repetition of that already mentioned, has no material bearing upon the present controversy.

To the description of the property in general terms as lots, found in both deeds, is subjoined in this the further words: " being the property *devised by James Cassidey, deceased, to Francis A. L. and Henry Cassidey in his will,*" thus distinctly pointing to the lots as the source from which the legacies are to be drawn, and designating the interest intended to be transferred. The trusts declared are, that the said Francis A. L. shall permit the said Henry C. to possess and employ (enjoy clearly intended) during his life, and thereafter for the use and benefit of Henry, son of the trustee, and said Henrietta, his wife.

Following these in time comes the deed of December 9th, 1870, upon which we have commented in the other appeal, which is in form an absolute sale and conveyance for the sum of six hundred dollars.

The last of the series is what is denominated an indenture, but which, for want of seals to the signatures, is not such, and in it the donor, for his natural love and affection for the wife of his brother, Francis A. L., and the small consideration coming from the latter, assumes to convey the

property to said Francil A. L. upon like trusts as those declared in the last preceding deed.

We are now prepared to consider the defendant's exceptions:

1. We sustain the first exception, that the money interest given in the will are not within the terms of the two first deeds, and for reasons not necessary to be repeated.

2. The exception is well taken to so much of the ruling as relates to the descriptive words found in the unsealed instrument. It is true, a pure gift can be made effectual, as against the donor, either by an actual or a symbolical delivery of the personal article given, and this was imposible, for the land had not been sold; or by a deed which operates *proprio vigore,* in law or equity, as the subject matter may admit. The present writing does not show a mere gratuity or indulged impulse of benevolence, but contains in form a contract for money paid. As such a recital sufficiently shows a contract to pass the title to real estate under the Statute of Uses, no sufficient reason occurs to us why it may not be available to carry into effect the intent of the parties to it. If it be a contract it passes not the fund as a legacy, but the right of the legatees to demand it when it comes into *esse. Downey* v. *Smith,* 2 Dev. Eq., 535; *Ponton* v. *Griffin,* 72 N. C., 362; *Milhiser* v. *Erdman,* at this term.

3. We are of opinion that the said Henry C. is not entitled to a personal property exemption. The referee finds that he has been absent from the State for seven or eight years, and is employed upon a steamboat plying on the waters of Florida, and that he expects in the future to return to Wilmington.

Our Constitution and statute do not extend to such a case. The person must be a resident, actual and not constructive, to be entitled to the exemption. This is made clear by the section securing the homestead to insolvent debtors, when

"owned and occupied by any resident of this State." Const. Art. 10, sections 1 and 2.

The benevolent provision is for our own citizens—those who have a residence among us—and must be construed as not embracing cases of mere domicil, where the rights incident to domicil may be retained until a domicil is obtained elsewhere.

There is error in the rulings pointed out, which, as was said in the appeal, requires the judgment to be reversed and a new trial had. It is so ordered.

Error.