Civil action in which supplemental proceedings issued.
Plaintiffs instituted this action (1) for recovery of defendants David Reaves and J. H. Reaves, trading as David Reaves and Son, and David Reaves and J. H. Reaves, individually, a large sum of money for fertilizers and farm supplies delivered under a contract of agency, a part of which fertilizer and farm supplies it is alleged J. H. Reaves used in connection with the joint purchases by him and defendant, J. J. Whitehurst, of eighty-six car lots of Irish potatoes; (2) for appointment of receiver to take charge of amounts due by defendant J. J. Whitehurst to defendant J. H. Reaves out of the proceeds of sale of the said eighty-six carloads of Irish potatoes and involved in the suit then pending in Superior Court of Wayne County wherein J. J. Whitehurst was plaintiff and FCX Fruit and Vegetable Service, Inc., and others were defendants; and (3) for order restraining J. J. Whitehurst from compromising the said action against FCX Fruit and Vegetable Service, Inc., and others, and from disposing of the interest that J. H. Reaves had in the said action pending final determination.
Thereafter, on 27 November, 1943, judgment by consent was entered in this action in favor of the plaintiff and against defendants David Reaves and J. H. Reaves, trading as David Reaves and Son, and David Reaves and J. H. Reaves, individually, (1) for the sum of $20,883.59 with interest, (2) discharging the temporary receiver, and (3) discharging the temporary restraining order against J. J. Whitehurst. And on 24 November, 1944, execution issued thereon out of Superior Court of Harnett County to sheriff of Wayne County, in office of Clerk of Superior Court of which county transcript of judgment had been docketed, for the collection of the then balance due, and on 27 November, 1944, was returned by said sheriff unsatisfied.
Thereupon, on 27 November, 1944, plaintiff filed an affidavit and motion before the resident judge of Superior Court in supplemental proceedings setting forth, among other things: That no property of either defendant partnership or of its individual members can be found to satisfy said judgment, and that neither defendant partnership, nor any of its individual members has any equitable estate in lands within the lien of the judgment, but (a) that defendant J. H. Reaves is the owner of one-half of the judgment rendered at the March Term, 1944, Civil Term of Wayne County Superior Court in that action entitled "J. J. Whitehurst and James H. Reaves v. FCX Fruit and Vegetable Service, *Page 438 
Inc., and Farmers Co-operative Exchange, Inc.," in which J. J. Whitehurst and James H. Reaves recovered the sum of $20,000.00, in which recovery attorneys have an interest for services rendered in connection therewith: (b) that as security to the payment of the consent judgment in favor of plaintiff, to which reference is first above made, J. H. Reaves assigned to plaintiff all the sums to be recovered by him against the said FCX Fruit and Vegetable Service, Inc., and Farmers Co-operative Exchange, Inc., (c) that the said FCX Fruit and Vegetable Service, Inc., and Farmers Co-operative Exchange, Inc., intend to pay the full amount of said judgment into office of Clerk of Superior Court of Wayne County within a few days for purpose of canceling said judgment; (d) that if the amount of said judgment has been paid to Clerk of Superior Court of Wayne County, then such clerk by virtue of receiving such payment is indebted to said J. J. Whitehurst and J. H. Reaves in the full amount of said judgment of which the interest of J. H. Reaves is $7,500.00, after deducting the attorneys' fees as above stated; (e) that if said Clerk of Superior Court of Wayne County has disbursed the proceeds of said judgment to J. J. Whitehurst and J. H. Reaves, said Reaves has in his possession the sum of $7,500.00 which is not exempt from execution issued on the judgment in this action, and which he unjustly and unlawfully conceals and refuses to apply to the satisfaction of said judgment; and (f) that J. J. Whitehurst has in his possession or control property of said J. H. Reaves or is indebted to him in an amount exceeding ten dollars.
And thereupon plaintiff prayed the court (1) That defendant J. H. Reaves be required to appear at a specified time and place to answer concerning any property which he unjustly refuses to apply towards the satisfaction of said judgment, and (2) that said FCX Fruit and Vegetable Service, Inc., and Farmers Co-operative Exchange, Inc., and J. F. Barden, Clerk of Superior Court of Wayne County, and J. J. Whitehurst be required to appear at the same time and place and answer concerning any property in their possession or control belonging to defendant, J. H. Reaves, or any indebtedness due by him or due by any of them to him in an amount in excess of ten dollars; (3) that the court appoint a referee to hold such examination and report the evidence and facts to the court; and (4) that the defendant or any other person be forbidden to transfer or make disposition of, or to interfere with any property belonging to defendant J. H. Reaves, which is not exempt from execution.
In accordance with the facts set forth in the said affidavit, the resident judge of Superior Court, entered an order on 27 November, 1944, as prayed, including naming of a referee, and same was duly served upon each of the parties to be affected thereby. *Page 439 
Thereafter by consent of counsel for plaintiff and for defendant it was ordered that the amount of the fees due attorneys out of the judgment against FCX Fruit and Vegetable Service, Inc., and Farmers Co-operative Exchange, Inc., be paid; and that the amount of said judgment and costs remaining due be paid into office of Clerk of Superior Court of Wayne County — the principal sum to be retained until further orders in this cause; and that, upon full compliance with this order, the Clerk of Superior Court of Wayne County is directed to cancel the said judgment upon the records.
Thereafter, on 1 January, 1944, J. J. Whitehurst entered motion that the order of examination of 27 November, 1944, be dismissed for that:
1. Neither this movent nor any of the other parties upon whom the order for examination was served has in possession or control property belonging to J. H. Reaves, nor is either of them indebted to the said J. H. Reaves in an amount exceeding $10.
2. The $15,000.00 paid into office of Clerk of Superior Court of Wayne County is neither the property of J. H. Reaves nor of movent, but belongs to the partnership of Whitehurst, and Reaves, of which J. H. Reaves, and movent are partners, and, until all indebtedness of the partnership is paid and all equities between the partners are adjusted, J. H. Reaves has no interest therein which could be reached under a supplemental proceeding.
3. The partnership of Whitehurst and Reaves is indebted (1) to many farmers for potatoes produced by them and delivered to it, upon which in part the judgment against FCX Fruit and Vegetable Service, Inc., et al., as aforesaid is predicated, and (2) to movent for sums of money advanced by him to pay valid and legal indebtedness of other creditors of the partnership, as well as for certain individual indebtedness of J. H. Reaves, to FCX Fruit and Vegetable Service and Farmers Cooperative Exchange which was applied in reduction of the claim of the partnership against FCX Fruit and Vegetable Service, Inc., and Farmers Co-operative Exchange, Inc.
4. The movent has the right to apply the said sum of $15,000.00, a partnership asset, to the payment of all such partnership obligations, as above set forth, before any part of same is applied to the individual indebtedness of J. H. Reaves.
And J. J. Whitehurst further in said motion to dismiss sets forth that: 1. The affidavit and motion upon which the order of examination was rendered alleges an assignment to plaintiff of an alleged interest of J. H. Reaves in the recovery against FCX Fruit and Vegetable Service and Farmers Co-operative Exchange, and supplemental proceeding is not a proper remedy for enforcing any rights, thereunder, and, *Page 440 
accordingly, the order for examination should be dismissed; 2. That the referee named by the court, while a reputable attorney who stands high in the legal profession, has heretofore been professionally employed by plaintiff, and, hence, it would be embarrassing for him to act as such referee.
Thereafter, the cause came on for hearing at January Mixed Term, 1945, of Superior Court before the presiding judge, upon the motion of J. J. Whitehurst to dismiss said order of examination, and after reciting that "it appearing to the court that the sum of $15,000 paid into the office of the clerk of the Superior Court of Wayne County, pursuant to the consent order herein, is the property of J. J. Whitehurst and J. H. Reaves, a partnership trading as `Whitehurst Reaves'; that the said defendant, J. J. Whitehurst, alleges and contends that the said funds are subject to equities in his favor resulting from partnership transactions and to the claims of partnership creditors which have priority over all rights of the plaintiff herein in said funds; and it further appearing to the court that the plaintiff has the right to inquire into the validity of the alleged equities of J. J. Whitehurst and the indebtedness against the partnership and that, to this end, a Receiver should be appointed with powers and duties as hereinafter set forth," the court entered order appointing J. F. Barden Receiver with the following duties and powers, to wit:
"1. To receive, hold and retain, until further orders in this cause, possession of the said sum of $15,000 heretofore paid into the office of the Clerk of the Superior Court of Wayne County pursuant to the consent order rendered herein.
"2. To give to all creditors of the said partnership of `Whitehurst 
Reaves' written notice to present to him on or before the 24th day of February, 1945, sworn statements of all of their claims against the said partnership, such notice to be mailed to the creditors at their last known addresses and to state that all creditors not so presenting their claims will be barred from any recovery thereon.
"3. To conduct a hearing at such date or dates as may be determined by him for the purpose of determining the validity of all claims so presented and, at such hearing, to permit the examination by the plaintiff and its attorneys of J. J. Whitehurst, J. H. Reaves and the alleged partnership creditors relative to the validity of any and all equities asserted by either of the partners and of the alleged claims presented by any and all creditors and also to permit the examination of the said J. H. Reaves and J. J. Whitehurst as to any matters and things which might properly be inquired into under a supplemental proceeding. At said hearing all parties shall be permitted to introduce witnesses or offer other evidence in support of their contentions. *Page 441 
"4. To make and file with the Judge holding the Courts of the Fourth Judicial District a report of all claims of creditors presented to him, together with his findings thereon, and of all equities existing between the partners."
And the court further granted to J. F. Barden "all the duties, powers and obligations given by law to Receivers except such as are inconsistent with other provisions of the order," and vacated and set aside the order of examination dated 27 November, 1944, and retained the cause for further orders following the report of the said Receiver.
During the course of the hearing pursuant to above order and while J. J. Whitehurst was being examined, counsel for plaintiff moved that the court require the production of the records of the partnership of Whitehurst 
Reaves pertaining to the prices received for all of the 250 cars of potatoes, including the 86 cars involved in the suit of Whitehurst v. FCX Fruit and Vegetable Service, Inc., et al., above referred to, sold during the year 1943. The motion was denied upon the ground that the said records were not within the purport of the order under which this examination was being conducted. Plaintiff excepts.
Then while examining defendant, J. H. Reaves, creditors and defendants objected to the examination of the witness as to his records which were present in court and which deal with the sale of and money received for the 164 cars of potatoes which the witness testified were sold by the partnership during the year 1943, in addition to the 86 cars above referred to, and the money from which was deposited in partnership account. The objection was on the ground that the 164 cars of potatoes are not involved in the hearing and the individual evidence introduced would be incompetent. Objection was sustained. Plaintiff excepts — stating that under this ruling it cannot pursue the examination of witness further.
It having been agreed at the hearing by all parties that James H. Reaves might prepare a report of partnership indebtedness which would be included in the record as a part thereof as if testified to by him at the hearing, he filed such report, showing list of creditors with amount due each, totaling in excess of $25,000.00.
J. F. Barden, as Receiver, filed report on 16 April, 1945, showing (1) "That pursuant to the order rendered herein at the January Mixed Term, 1945, of the Superior Court of Wayne County, (a) he took into his possession, as Receiver, the sum of $15,000 heretofore paid into the office of the Clerk of the Superior Court of Wayne County under a consent order rendered in this cause; (b) he gave to all creditors of the partnership of `Whitehurst Reaves' written notice to present to him on or before the 24th day of February, 1945, sworn statements of their claims, *Page 442 
the names and addresses of the creditors to whom said notices were mailed and the form of said notice being set forth on Exhibits `A' and `B,' respectively, hereto attached; (c) he conducted a hearing on the 7th day of March, 1945, for the purposes directed in said order, at which all parties were permitted to examine under oath J. J. Whitehurst, James H. Reaves and certain alleged partnership creditors, all parties to this action and also certain creditors being represented by their attorneys, and (d) he has received and filed claims for many of the alleged creditors of the partnership, the creditors filing the same being indicated in the findings hereinafter set forth in this report." (2) That the outstanding indebtedness of partnership of Whitehurst Reaves to partnership creditors who filed claims with Receiver is the sum of $24,841.64; and that an additional sum of $274.20 is due to creditors of the partnership who did not receive notices, making a total of $25,115.84; and that there is an additional amount of $666.87 due to creditors who received notices but did not file proof of claim, list of creditors with amounts due each in each group being attached to report.
Plaintiff filed exceptions to the Receiver's report: "(a) That the Receiver refused the motion of the plaintiff that the court require the production of the records of the partnership of Whitehurst and Reaves, pertaining to the prices received for all of the 250 cars of potatoes sold during the year 1943. The said motion being denied on the grounds that said records were not within the purport of the order under which the examination was held.
"(b) That the Receiver refused to allow the examination of James Reaves, the judgment debtor of the plaintiff, as to the records of the partnership of Whitehurst and Reaves, which records were then in court, concerning the receipts of money from 164 cars of potatoes sold during the year 1943 by said partnership.
"(c) That the Receiver allowed the claims of J. J. Whitehurst especially after denying the motions of the plaintiff that the plaintiff be permitted to elicit from the said partners, J. J. Whitehurst and James Reaves, the facts concerning the disposition of the value of 250 cars of Irish potatoes.
"(d) That the Receiver failed to allow the plaintiff the proceeds of 1,960 bags of potatoes, of the value of approximately $3,000, less pay for bags used, especially after James Reaves testified as set forth."
On appeal thereto by plaintiff, the judge of Superior Court adjudged: (1) That plaintiff's exceptions be disallowed; (2) that Receiver's report be approved and confirmed; (3) that creditors listed in report have valid claims against the partnership of Whitehurst Reaves aggregating the sum of $23,923.84, after offsetting the indebtedness of J. J. Whitehurst *Page 443 
to the partnership against his claim for money advanced; (4) that plaintiff under its judgment against J. H. Reaves, has no interest in a claim upon the sum of $15,000 belonging to the partnership of Whitehurst Reaves, and now in hands of Receiver, and that it shall not share or participate in the distribution of same; (5) and that cost of the reference and receivership be paid by the Receiver out of the funds now in his hands — the cost to include the sum of $500 which is allowed the said referee and receiver on account of his services.
Both plaintiff and defendant Whitehurst appeal therefrom to Supreme Court and assign error.
Let it be noted at the outset that the procedure followed in the court below is not questioned by any exception presented in this Court on either the appeal of plaintiff or that of defendant Whitehurst. Hence, we go directly to questions presented:
1. ON PLAINTIFF'S APPEAL:
The questions involved relate in the main to the refusal of the court (1) to require the production of the records of the partnership of Whitehurst and Reaves, and (2) to permit the examination of Reaves relative to the sale of all the 250 cars of potatoes sold by the partnership in 1943, and not just those 86 cars involved in the suit of Whitehurst 
Reaves v. FCX Fruit and Vegetable Service, Inc., et al.
Where the examination of the debtor shows that his books of account contain evidence material to the investigation he should be required to produce them, Coates v. Wilkes,, 92 N.C. 376. And the court has the power to order the production of proper papers pertinent to the issue to be tried, and in the possession of the opposite party. McDonald v. Carson,94 N.C. 497.
This being a supplemental proceeding under Article 31 of chapter 1 of General Statutes, equitable in its nature, Carson v. Oates, 64 N.C. 115;Righton v. Pruden, 73 N.C. 61; Rand v. Rand, 78 N.C. 12; Bronson v.Ins. Co., 85 N.C. 411; Coates v. Wilkes, supra; Munds v. Cassidey,98 N.C. 558, 4 S.E. 353, and all the parties being before the court, it appears that in the court below the focal issue was the ascertainment of the J. H. Reaves interest in the assets of the partnership of Whitehurst 
Reaves, if any, which remained after the partnership debts have been paid and the partnership affairs adjusted. The plaintiff, as judgment creditor of J. H. Reaves, and assignee of his interest in the *Page 444 
proceeds of the judgment against FCX Fruit and Vegetable Service, Inc., etal., can only reach J. H. Reaves' interest in so much of the assets of the partnership of Whitehurst and Reaves as remains after the partnership debts have been paid and the partnership affairs adjusted. See Tredwell v.Rascoe, 14 N.C. 50; Jarvis v. Hyer, 15 N.C. 367; Price v. Hunt, 33 N.C. 42;Latham v. Simmons, 48 N.C. 27; Roberts v. Oldham, 63 N.C. 297;Ross v. Henderson, 77 N.C. 170; Mendenhall v. Benbow, 84 N.C. 646;Sherrod v. Mayo, 156 N.C. 144, 72 S.E. 216; 40 Amer. Jur., 447, Partnership, sec. 455.
And in order to ascertain if there are any assets of the partnership so remaining a full accounting of the partnership affairs is appropriate, and should be had. Plaintiff is entitled to have all the assets of the partnership ascertained and taken into account in striking a balance between assets and liabilities. Therefore, the records and the evidence relating to the sale of all the 250 cares of potatoes are pertinent, and there is error in refusing to require the production of the records, and to permit the examination in those respects. See Coates v. Wilkes, supra, andMcDonald v. Carson, supra.
2. ON DEFENDANT'S APPEAL:
The only question here presented relates to matters of cost. As there is error on plaintiff's appeal, such matters are presently eliminated from consideration. Plaintiff will pay the costs of this appeal to be recovered by it if it should ultimately prevail.
On both appeals,
Error and remanded.