Gaston, Judge.
 

 The prisoner was convicted at the last Term of the Superior Court of Rowan, on an indictment for the murder of his wife,, and from the sentence pronounced on that conviction has appealed to this court. Several objections are here taken by His counsel to the regularity of the proceedings below. It is alleged, in the first place, that the court erred in permitting improper testimony to be received against him. The material circumstances set forth in the case as connected with the subject-matter of the exception, are these: It appeared from the evidence, that the deceased came to her death by a blow on the head, by choking, and by strangulation with a rope. The prisoner was arrested as her supposed murderer, and carried before a magistrate for examination. There, but before the examination had begun, one of the bystanders was making some remark respecting a rope which he held in his hand, when the prisoner said, “ that is not the rope.” The magistrate observed to the prisoner, “ keep that to yourself;” and the prisoner said no more. Evidence of these matters having been offered, the prisoner’s counsel objected that this declaration oí- his ought not to be received, because he had been prevented by the interposition of the magistrate from stating all that he then intended tc say: but this objection was overruled, and the testimony received, because it did not appear to the court that the prisoner intended to say any more, and because there was no examination in writing.
 

 In support of this objection it is insisted, that whenever the declaration of any individual is offered in evidence against him, the law requires that the whole of the declaration should be heard; that the spirit of this rule would be violated if a declaration left unfinished by reason of
 
 *13
 
 an interruption could be received as testimony without the explanations which were intended to accompany it; and that the admonition of the magistrate in this case indicates clearly an apprehension on his part, and therefore tends to show, that the prisoner had not finished all he then purposed to say, but desisted from proceeding, because of this admonition. Were we to assent to the correctness of this reasoning throughout, we do not see how we could pronounce that the judge had erred in admitting the evidence. Our authority is confined to the correction of errors of law, and wherever the propriety of admitting testimony depends upon an inference of fact, such inference must be drawn by the court to whom the testimony is oífered. The case states that the judge below drew a contrary inference from that which is pressed upon us. He inferred that the prisoner did not intend to add any explanatory matter on the subject of the declaration. But if we had the authority to examine into the correctness of this inference, we are by no means prepared to pronounce it incorrect. Instead of understanding the admonition as preventing the prisoner from making explanatory statements weakening the force of his declaration, we regard it as the benevolent suggestion of a humane magistrate, designed to put the prisoner on his guard against being drawn in by further remarks of the bystanders from observations tending to criminate himself, and that this suggestion was received and acted upon by the prisoner in the spirit which prompted it. It is proper, however, to add, that we do not assent to the position, tha-t if the prisoner had purposed to make a more full statement, or to add an explanation thereto, and had changed his purpose in consequence of the suggestion of any one, the declaration already made could not be heard by the jury. It is undoubtedly law, that in criminal as well as in civil cases, the whole of an admission or declaration made by a party is to be taken together. We understand the rule to be as laid down by Abbott, Chief Justice, in the
 
 Queen’s Case,
 
 2 Brod. & Bing. 297, (6 Eng. Com. Law Reps. 123,) “ If on the part of the prosecution a confession or admission of the defendant made in the course
 
 *14
 
 of a conversation with the witness be brought forward, the defendant has a right to lay before the court the whole 0f what was said in that conversation, not only so much as may explain or qualify the matter introduced by the previous examination, but even matter not properly connected with the matter introduced by the previous examination, provided only that it relates to the subject-matter of the suit; because it would not be just to take part of a conversation as evidence against a party without giving to the party at the same time the benefit of the entire residue 0f what he said on the same occasion.” But we find no authority, no dictum to warrant the supposed qualifications ^ie genera^ principle which makes a man’s conduct and declaration when voluntary, admissible against him g0 ag to exclude evidence of his acts or declarations because not as complete as he intended that they should be. It seems to us w'hat he has said and what he has done, however unfinished and imperfect, is competent testimony, and its proper effect is to be judged of, under all the accompanying circumstances, by those whose duty it is to weigh the evidence.
 

 
 *13
 
 In crimiriai as well as case^the wj'0!e of an 0r deelara-is to be together.
 

 
 *14
 
 But the darations" ^ to be excluded, because not as complete tended111" they should
 

 The counsel for the prisoner have excepted to the charge of the judge, for that he instructed the jury that when a man charged with a crime remained silent, his silence was an implied admission of his guilt. We find in the charge no such instruction as that excepted to. It appears from the case, that the mother of the deceased, after the death of her daughter, and before the prisoner was arrested, at his house and in his presence charged the prisoner with the murder, and told him that his motive was, because he had been obliged a few' days before to pay some costs on her account, and that the prisoner remained silent under this accusation. The court instructed the jury that this silence was not conclusive evidence of the prisoner’s guilt, but was a circumstance which they might take into consideration in passing upon the question of his guilt. We see nothing in this instruction which is erroneous. It has been well observed by an able elementary writer, (Mr. Starkie) that all the surrounding facts of a transaction may be submitted to a jury when they afford
 
 *15
 
 any fair presumption or inference as to the* question in dispute. Upon this principle it is that the conduct of the accused at the time of the offence, or after being charged with it, such as “ flight — the fabrication of false and contradictory statements — the concealment of the instruments of violence — the destruction or removal of proofs tending to show that an offence has been committed, or to ascertain the offender,” are all receivable in evidence as circumstances connected with and throwing light upon the question of imputed guilt. Of the same character is the silence of the accused when free to speak, and a decided denial of guilt ifhe be innocent may rationally be expected from him. It is argued, that silence under such an accusation may proceed from indignation, scorn, unwillingness to answer impertinent inquiries, or other motives consistent with the fact of innocence. So indeed it may; and therefore evidence of silence ought never to be regarded as conclusive proof of guilt; should always be weighed with care; and should not be received at all, when the accused is not at full liberty to repel the accusation. But who can deny that tame submission to a direct charge of crime ordinarily proceeds from a consciousness of guilt, from the anguish of remorse, from the terror consequent upon guilt, or from the difficulty of determining whether confession or denial will be more likely to propitiate favour and secure escape from punishment
 
 1
 
 We cannot doubt therefore that it is a circumstance proper to be left to the consideration of those whose experience and observation qualify them to judge of the motives, passions and feelings by which human conduct is impelled. But it is insisted that though the prisoner
 
 said
 
 nothing when this crime was charged home upon him, by his deceased wife’s mother, he may have repelled the accusation by gestures or other expressive signs — to which we answer, that unquestionably this would not be
 
 silence,
 
 and it cannot for a moment be supposed that the court in giving, or the jury in receiving the instruction, considered a denial so manifestly characterized, as silence. But adjudged cases have been produced which are supposed to establish, that however in general the admission of a fact may be inferred
 
 *16
 
 from the silence of a party when such fact is asserted in his presence, and that therefore such assertion and such silence may in general be given in evidence against him— yet this inference cannot be drawn, and this evidence cannot be received in criminal cases. For this purpose the cases of
 
 Child
 
 v.
 
 Grace,
 
 2 Car. & P. 193, (12 Eng. Com. Law Reps. 84,) and
 
 The King
 
 v.
 
 Appleby,
 
 3 Star. Ca. 33, (14 Eng. Com. Law Reps. 152,) are quoted, but in our opinion they by no means support the position. In the first of these, evidence was offered of what the
 
 magistrate
 
 had declared in the presence of the plaintiff on the examination before him for the alleged assault, and in the other, evidence was offered of the confession of another person made before the examining magistrate in the presence of the prisoner, his supposed associate. In each case the evidence was rejected, and the true ground of rejection is plainly pointed out in
 
 Melar
 
 v.
 
 Andrews,
 
 1M oody & Malk. Ca. 336, (22 Eng. Com. Law Reps. 329,) that although what has been said in the presence of a party is admissible, as tending to raise an inference from his silence, it is not so with regard to the assertions or declarations made in his presence in the course of a judicial inquiry, for in such investigations a regularity of proceedings is adopted which prevents the party from interposing when and how he pleases, as he would in a common conversation. The
 
 general
 
 rules of evidence are certainly
 
 the
 
 same in criminal as in civil cases. “ There is no difference as to the rules of evidence,” says Abbott, Chief Justice, in
 
 Watson’s Case,
 
 2 Star. Ca. 155, “ between criminal and civil causes; what may be received in the one may be received in the other; and what is rejected in the one ought to be rejected in the other.” Before we can admit the exception here contended for to the confessedly generally rule, we must have evidence, which we have not seen, that the law sanctions such exceptions.
 

 The prisoner’s counsel have also objected to that part of the judge’s charge which relates to the force of presumptive evidence. If the whole of this be taken together we believe that no well-founded complaint can be made against if, We know not what were the illustrations given of the
 
 *17
 
 difference between violent, probable, and light presumptions, but as no exception has been taken to any of them, we must presume that they were correct. The jury may not have been aided by this classification, but we do not see that they have been misled thereby. If the judge meant to say that no regard whatever should be paid to circumstances individually raising but a slight presumption against the prisoner, however numerous they might be, and however impressive and convincing the result of their coincidence with each other, and even with circumstances of a more conclusive tendency, we apprehend that he laid down a rule more favourable to the prisoner than the law prescribes. Every circumstance, however slight in itself, that is calculated to throw light on the commission of the supposed crime, is proper to be considered; although a verdict against the prisoner cannot be warranted by any combination of circumstances producing less than full assurance of his guilt. To circumstantial evidence effecting this moral certainty, the law attaches the designation of violent presumption. Could we collect from his charge that the judge may have conveyed to the jury the impression that they might find their verdict upon evidence, raising altogether but a
 
 •probable presumption
 
 of guilt, we should not hesitate a moment in reversing the judgment and ordering a new trial: but this construction cannot be put upon it, since we find him instructing them in the most explicit terms, that the circumstantial testimony must be such as to satisfy them beyond a reasonable doubt as to the guilt of the prisoner, and as strong and clear as that which would be derived from the testimony of one credible and respectable witness. Whenever the circumstances combined produce this moral certainty, and are fully equivalent to this direct and positive testimony, reason and law both declare that a jury may rightfully convict.
 

 Every circumstance,' however slight in itself, that is calculated to throw light on the commission of the supposed crime, is proper to be considered, although a verdict against the prisoner cannot be warranted by any combination of cir-cumstan-ces producing1 less than full assurance of his guilt.
 

 We see no ground whatever either for a new trial, or for vacating the verdict, or for arresting the judgment, because of the language used by one of the jurors in declaring his assent to the verdict when the jury was polled. It is but a manifestation of the reluctance with which he yields to the obligations of an imperious but
 
 *18
 
 painful duty. All the objections made in behalf of the unfortunate prisoner, are in our opinion untenable, and we have been unable' to perceive any errors which can avail him against the awful judgment which the law pronounces upon his crime. This opinion must therefore be certified to the Superior Court of Rowan, with directions to proceed to senténce of death against the prisoner agreeably to this decision and the laws of the state.
 

 PeR Curiam. Judgment affirmed.