SAM'L ALBERTSON, Adm'r, v. HARPER WILLIAMS et al.

*Res Judicata—Motion in the Cause.*

Where the subject-matter of an action has been once determined by the Court, a new action will not be entertained in regard to it. If for any reason the former judgment ought to be set aside, it can only be done by a motion in the cause for that purpose if the action is still pending, and if it has been determined and come to an end, then by a new action to directly attack it.

(*Miller* v. *Frezor,* 82 N. C., 192; *Gay* v. *Stancill,* 76 N. C., 369; *Long* v. *Jarratt,* 94 N. C., 443; cited and approved).

CIVIL ACTION, tried before *Clark, Judge,* at November Term, 1886, of DUPLIN Superior Court.

The defendant Thomas J. Carr, sheriff of Duplin county, and having in his hands executions against Samuel Houston,

the intestate of the plaintiff, on the 4th Monday of September, 1862, by virtue thereof, sold at public sale according to law, a tract of land belonging to the judgment debtor to the defendant Harper Williams at the price of $5,000, bid by him. The purchaser paid of his bid to the sheriff $809.09, a sum sufficient to satisfy the executions and costs and no more, retaining the remainder in his hands, $4,190.91, to be accounted for with the said Houston, as appears from the return made on the said executions. The deed conveying the land to the purchaser was made in 1869, the debtor in the meantime remaining in the occupation of the land, represented by the present plaintiff to contain 730 acres, and to be of the value, in good money, of the sum at which it was bid off. At the time of executing the deed, the said Williams gave him a bond of indemnity against any liability he might incur to the said Houston by reason of his conveying the title. The present suit was commenced on November 5th, 1884, against the defendants by the plaintiff, as administrator of Houston, to recover the amount of the unpaid purchase money thus alleged in the complaint to be unlawfully withheld from him by combination between them.

The answer does not controvert the material allegations of fact made in the complaint, but sets up as a defence, the institution in 1871, of a suit by Williams against Houston for the recovery of possession of the premises, averring himself to be the owner in fee, pending which, a reference under a rule of Court was made to arbitrators, who made their award and returned it to Court, where it was confirmed, and the controversy between the parties in regard to the matters involved in the present suit settled and finally adjudicated.

Upon the present trial it appeared that a motion was entered by Houston, for reasons set out in affidavits by himself and one Peter H. Albertson, and resisted in counter affidavit of Williams, to recall and set aside the interlocutory order of reference and the report and its confirmation, upon

which it does not appear what, if any, action was taken by the Court. To sustain the bar of a former adjudication, the defendant exhibited a record of the suit in ejectment, in which appears this entry at Fall Term, 1871:

" This cause is referred to James M. Sprunt and A. G. Moseley, with power to choose an umpire in case of disagreement, and their award, or that of their umpire, is to be the judgment of this Court."

The referees, not controlled by the pleadings usual in an action of the kind, but in order to a settlement of the conflicting demands of the parties as to the subject-matter in controversy, and the title acquired at the sheriff's sale, returned their award to this effect:

" That there is due from Houston to Williams, $874.09, (paid by the latter to the sheriff) with interest, secured by the land conveyed by the sheriff, and if said sum be not paid in 90 days, the clerk to be required to sell the land for cash, and satisfy it, and if paid within the time specified, the said Williams is to reconvey to Houston by a quitclaim deed." The record stops with an order of confirmation, there having been no exceptions to the report, entered at Fall Term, 1872; for what reason the cause was discontinued from the docket does not appear.

The plaintiff further offered to show, that after confirmation of the referees' award, Williams brought another action against Houston, in which he had judgment, and was put in possession of the land.

The Court being of opinion that the former action could not be impeached collaterally in the way proposed, excluded the proof and the plaintiff excepted.

The plaintiff then asked to have the former cause re-instated on the docket, to be proceeded with as if no discontinuance had intervened, and this was refused as not constituting any part of the present action, and for that no notice -of the motion had been given.

The Court thereupon intimated an opinion that the plaintiff could not maintain his action until the confirming decree or order was put out of the way, by motion in the cause, or an independent action assisting it; in submission to which the plaintiff suffered a nonsuit and appealed.

Thereupon the defendants proposed to supply the defect in the record, by showing a sale by the clerk, in pursuance of the decree, of said land—a report and confirmation, and to prove the final decree by affidavit. The proposal was not entertained and the evidence not received, forasmuch as the cause had come to an end by the judgment of nonsuit.

*Mr. H. R. Kornegay,* for the plaintiff.
*Messrs. H. E. Faison* and *A. W. Haywood,* for the defendants.

SMITH, C. J., (after stating the facts). In all these transactions growing out of the sale of the intestate's large and valuable tract of land, it is nowhere suggested that any part of the purchase money, beyond that used in payment of the executions, has been paid by the defendant Williams to any one, and yet he claims the entire property as his own. It may be, that the clerk sold and he purchased for a sum only sufficient to pay his own claim and the costs attending the action. But of this there was no proof received or preferred at the trial. Williams may have acquired the legal title and extinguished the plaintiff's claim to any of the large surplus produced by the sheriff's sale.

Assuming that the record concludes with the confirming decree and contingent order of resale upon the default of the intestate, the action is incomplete, and should, even after such lapse of time, be re-instated on the docket and proceeded with, as if no such interruption had taken place, by executing the order of sale, as was done in *Miller* v. *Frezor*, 82 N. C., 192. If the cause, however, has been carried on to its final consummation, then, as suggested by the Court, the only re-

dress for wrong done the intestate's estate, would be found in a new action impeaching the decree or judgment, if sufficient grounds therefor exist. But whether any, or what remedies remain, it is manifest the present suit cannot be sustained, because the subject-matter of it has been passed upon and .adjudged, and the rights of the parties determined in the prior suit. This is so upon principle, and is so emphatically declared in *Gay* v. *Stancill*, 76 N. C., 369, and more recently in *Long* v. *Jarratt*, 94 N. C., 443, in affirmance of the maxim, *nemo debet bis vexari pro una et eadem causa*, as to need no further remark.

The affidavits used upon the motion to vacate the reference and judgment, were wholly irrelevant to the present trial to affect the rights of the parties, and would be only ·competent as admissions upon some disputed matter of inquiry.

Nor was there any error in rejecting the record evidence of the second ejectment suit, offered to impeach the action of the Court in the first, since it is not competent to do so in the present action; nor, for a like reason, in denying the motion to bring forward that unfinished suit, and thus in-·troduce in this, matter foreign to its purpose.

These rulings are correct, and the judgment of nonsuit must stand. It is so adjudged.

No error.　　　　　　　　　　　　　　　　　　　Affirmed.