GEORGE M. ROSE, Receiver, v. W. B. BAKER et al.

*Appeal—Motion to Dismiss—Proceedings Supplemental to Execution.*

1. A motion to dismiss an appeal because the appellant has not complied with the requirements of the Statute and the Rules of Court in respect to the manner of perfecting an appeal, must be made at or before entering upon the hearing of the cause.

2. If the judgment from which the appeal is taken be in favor of a co-defendant of the appellant, the latter should serve the required notices and case upon such co-defendant, as he thereby becomes the adverse party.

3. The legal effect of granting a restraining order, or the appointment of a Receiver in proceedings supplemental to execution, is to vest the receiver with the property and effects of the judgment debtor from the time of the filing of the orders, and disables the debtors from transferring the title thereto.

This is a CIVIL ACTION which was tried before *Boykin, J.*, at May Term, 1886, of CUMBERLAND Superior Court.

In the course of proceedings supplementary to execution, the Court appointed a receiver and made an order forbidding the defendants' judgment debtors, respectively, to make any transfer or other disposition of their property not exempt from execution, as homestead or personal property exemption, and all interference therewith as allowed by the statute, (*The Code*, § 494). Nevertheless, pending this action of the receiver to subject certain assets of the defendants to the satisfaction of the judgment, the *feme* defendant, who was a "freeholder," and her husband, who is also a defendant, undertook and purported, in disregard of this order, to surrender to the defendant Buie certain notes due from him to the *feme* defendant and to discharge a mortgage of land securing these notes.

The Court gave judgment in favor of the plaintiff, directing a sale of the mortgaged property to satisfy and discharge the notes so secured by it, and directed that, of the proceeds of the sale, the receiver should pay to the *feme* defendant four hundred and forty-five dollars as part and balance of her personal property exemption.

The defendant Buie excepted to and appealed from so much of the judgment as directed such payment to be made to the *feme* defendant, claiming that this part of the fund should be directed to be paid to him, inasmuch as the *feme* defendant had transferred and surrendered the notes to him and discharged the mortgage of the land, as above indicated.

*Mr. N. W. Ray*, for the plaintiff.
*Messrs. R. P. Buxton* and *D. Rose*, for the defendants.

MERRIMON, J., (after stating the case). The exception cannot be sustained. The defendants undertook, in disregard of the express order of the Court, forbidding them to make

any transfer of the property or in any way to interfere with it, to discharge the debts and mortgage mentioned, while the plaintiff was seeking to subject the notes to the payment of the judgment of the plaintiff in the proceedings supplementary to the execution. The defendants could not thus discharge the notes and mortgage—their action in this respect was wholly ineffectual, because the statute, (*The Code*, §§ 494, 495,) coupled with the order of the Court, had the effect to prevent them from transferring the title to the land and discharging the notes or changing the condition of the same.

It was competent for the Court to order a sale of the land to pay the notes, and to apply the fund arising therefrom without regard to what the defendants had so undertaken to do. The very purpose of the statute is to disable the judgment debtor as to his property, and thus prevent him from making a sale, transfer or other disposition thereof. It would be to a great extent nugatory, if it had not such effect. The remedy by attachment for contempt against the defendant for failure to observe the order of the Court would, at most, only be partial, and might fail to afford the creditor just protection. Indeed, the statute vests the receiver in this and like cases with the property and effects of the judgment debtor from the time of the service of the restraining order, and if there be no such order, then from the time of the filing and recording of the order for the appointment of the receiver

The appellant, therefore, did not have any estate or interest in the land, or any interest in the fund arising therefrom, not subject to be applied to the payment of the notes secured by the mortgage; nor, so far as appears from any pleading or other proceeding, was he entitled to have the part of the fund devoted by the judgment to the payment of the balance of the personal property exemption of the *feme* defendant.

It is suggested, in the case stated on appeal, that after the judgment appealed from was entered, and after the appeal was taken, the *feme* defendant "transferred" so much of the judgment as is in her favor to the defendant, but of this mere suggestion we can take no notice, because such assignment is not made to appear by any proper motion or proceeding.

It seems, from the case stated on appeal, that the appellee plaintiff objected and excepted to the judgment in favor of the *feme* defendant, but he did not appeal, and his exception is not, therefore, before us and we cannot consider or take notice of it. It has no proper place in the transcript of the record of this appeal.

The appellant, in effect, appealed only from so much of the judgment as was in favor of his co-defendant *feme sole*, but he failed to give her notice of his appeal, nor did he serve his statement of the case on appeal on her as, regularly, he should have done.

As to the judgment complained of, she was the adverse party and entitled to notice. As such notice was not given, she might have moved in apt time to dismiss the appeal as to herself, upon the ground that no notice of it was given. Indeed, she did move to dismiss it after the argument on the merits had begun, but it was then too late. The rule of practice of this Court, (Rule 2, § 6,) prescribes that "A motion to dismiss an appeal for non-compliance with the requirements of the statute in perfecting an appeal, must be made at or before entering upon the trial of the appeal upon its merits, and such motion will be allowed, unless such compliance be shown in the record, or a waiver thereof appear therein, or such compliance is dispensed with by a writing signed by the appellee or his counsel to that effect."

The statutory provisions to which this rule applies are modified to some extent, but not so as to affect this case, by the statute, (Acts 1887, ch. 121.)

Affirmed.