JOHN W. WILSON, Receiver, v. W. T. CHICHESTER et al.

*Supplementary Proceedings—New Action Pending Former Proceedings — Judgment Debtor — Creditor — Receiver — Interpleading.*

1. Where all the matters in controversy can be determined in proceedings already pending, a second action commenced for this purpose should be dismissed.

2. In supplementary proceedings it was adjudged that the fund in question belonged to the judgment debtor, and order made that the fund be paid into Court. Afterwards, upon claim made by another, the Clerk refused to pay the money to him, and appointed a receiver, who brought action against the judgment debtor to try the question of title to the fund: *Held*, (1) that the action was improperly brought; (2) that defendants, claimants to the fund, should have been allowed to interplead in the supplementary proceedings; (3) that the action by the receiver was improperly brought, and should be dismissed, but without prejudice to any of the parties.

This was a CIVIL ACTION, tried at February Term, 1890, of GUILFORD Superior Court, before *Armfield, J.*

It appears that Edward A. Prior & Co, before the 18th day of April, 1889, obtained a judgment in the Superior Court of the county of Guilford for $466.46 and costs against W. T. Chichester, which judgment was duly docketed on the judgment docket of that Court, and execution issued thereupon, and the same was duly returned by the Sheriff unsatisfied, because he found no property to satisfy the same, or any part thereof. Thereafter, on the day above specified, the said judgment creditors began their proceedings supplementary to the execution, and the said judgment debtor, on the 19th of April of the same month, appeared before the Clerk of said Court and was examined in respect to his property, etc., and sundry other witnesses were likewise so examined. The examination of such witnesses was duly taken in writing and filed. In the course of such proceedings, the Court (the Clerk) was of opinion that $592 50, in the hands of a witness, S. Einstein, belonged to said judgment debtor, and it made an order that the said sum of money be paid into Court, and accordingly the same was so paid.

Afterwards, on the 26th of April, 1889, J. M. Chichester made claim to the money above mentioned. The Court thereupon appointed the present plaintiff receiver of the estate, property, rights and choses in action of the said judgment debtor.

Afterwards, the present plaintiff, receiver, brought this action against the said judgment debtor and J. M. Chichester, to recover the said sum of money, the purpose being to try the right to the same.

Afterwards, C. R. Chichester and G. P. Chichester, trading as Chichester Bros., were made parties defendant in the action. They made defence, and alleged that the said money

belonged to them, and not to either of their co-defendants. The answers of the defendants raised issues of fact and law.

The Court submitted to the jury the following issues:

"Is W. T. Chichester the owner of the money paid into Court, $592.50?"

"Who is the owner of the $592.50, if W. T. Chichester is not?"

The jury responded to the first of these issues "Yes," and made no response to the second one.

On the trial, the plaintiff offered in evidence the written examination of the said judgment creditor, the like examinations of the said S. Einstein and J. M. Chichester, taken and filed in the proceedings supplementary to execution first above mentioned. The defendants each objected to such admission, but the Court overruled their objections and allowed the said examinations to be read to the jury, and the defendants excepted.

There was other evidence received, and objections and exceptions thereto by the defendants, but the same need not be here reported.

Upon the verdict, the Court gave judgment for the plaintiff, and the defendants appealed.

*Mr. W. S. Ball,* for plaintiff.
*Messrs. L. M. Scott* and *J. A. Barringer,* for defendants.

MERRIMON, C. J.—after stating the facts: This action is brought by the receiver, appointed in the course of the proceedings supplementary to the execution above mentioned, and the judgment debtor in such proceedings is made a party defendant to this action. Why he is made such party does not appear. Indeed, he is not a necessary or proper party defendant, or at all a proper party thereto. The plaintiff does not, in contemplation of law, seek to recover from him the money in controversy specified in the pleadings, or

any redress against him.   He, as receiver, already, by opera-
tion of law, has whatever and all the right, claim, interest
and title to that money of the defendant judgment debtor.

Then, wherefore shall he bring this action against him?
What pertinent purpose is served by it as to him?   All
proper redress as to him may, and ought to be sought in the
proceedings supplementary to the execution.   The purpose
of this action ought to be to recover from third parties
claiming and having it, the money in controversy, which
the plaintiff alleges he has the right to have as such receiver.
The statute (*The Code*, §§ 494, 497), in cases like this, vested
the judgment debtor's interest in, and title to, the money in
him, and authorized him to bring this or any proper action to
recover the same from the defendants or any person having it.
*Coates* v. *Wilkes*, 92 N. C., 376; *Rose* v. *Baker*, 99 N. C., 323.

In the course of the supplementary proceedings, the Court,
as it seems, being of opinion that it sufficiently appeared
that the money in question belonged to the judgment debtor,
so declared and required it to be paid into Court, and this
was accordingly done.   Regularly and properly, the defend-
ants claiming the money might, ought, to have applied to
the Court in such proceedings to be allowed to interplead
therein and allege their title to, and right to have it.   This
is so, because the Court had possession and control of the
fund for the just purposes of the supplementary proceedings,
which were, in a sense, of the nature of a creditor's bill, and
such interplea might be allowed.   It was so held in *Munds*
v. *Cassidey*, 98 N. C., 558.   In case of such interplea, the bur-
den would be on the party making the same to show title to
the money or property claimed.   *Wallace* v. *Robeson*, 100
N. C., 206.

It seems, however, we cannot see why, that the parties
to such proceedings deemed it necessary—certainly not
improper—to apply for a receiver, and accordingly the Court,
upon application, appointed the plaintiff to be such receiver.

Afterwards, he brought this action, as receiver, against the defendants—improperly, as we have seen, against the judgment debtor—treating the money in question as if claimed by the defendants and within their control. It seems that the Court thought this the proper way to try the right of the defendants to the money. It is said, in the case settled on appeal, that "the defendant J. M. Chichester put in his claim before the Clerk as owner of the said money, and asked the Court to pay the same to him. This the Court refused to do, and, to test the matter, on motion of the plaintiff in said judgment, the said Clerk appointed" the plaintiff receiver. It appears, however, from the complaint, and as well from the case settled on appeal, that the money is still in the possession and control of the Court under its order directing it to be paid into Court as the property of the judgment debtor. As to and against the latter, the Court could and ought, in the supplementary proceedings, to have applied the money to the payment of the judgment of the plaintiff in such proceedings, unless some third party claiming the money had applied to be allowed to interplead and allege his right to the same. When the present defendant (J. M. Chichester) "put in his claim before the Clerk as owner of the said money, and asked the Court to pay the same to him," if his application and motion to be allowed to interplead. were properly made, his motion should have been allowed by the Court; and so, upon like proper application, the Court might have allowed the present defendants (the Chichester brothers) to interplead. In that way, they might regularly and properly have asserted and litigated their rights to have the money.

The purpose of the plaintiff in this action is not to recover the money from the defendants; all the pleadings show that it is not in their possession or control; that the Court has possession and control of it for all proper purposes of the supplementary proceedings. The simple purpose of the

action is, as stated in the complaint, to have the Court adjudge that the money is the property of the judgment debtor, and its application. But the Court has already, in the supplementary proceedings, adjudged, as against the judgment debtor, that the money was his, and in such proceedings it may yet make all necessary and further inquiries and orders in respect to it and its proper application. And so, also, as we have seen, third parties claiming the money may interplead and litigate their claims to it in such supplementary proceedings, because they are not yet terminated. This action, therefore, is unnecessary, and serves no practical purpose. Indeed, it ought not to have been brought, and cannot be maintained, because what it seeks to accomplish might and should properly have been sought in the proceedings mentioned. It is settled that when redress is sought in an action that might and ought to have been sought in an action pending at the time such former action was begun, and yet may be had there, the latter cannot be maintained, but the Court will, *ex mero motu,* dismiss it, in the absence of a motion made for that purpose. *Long* v. *Jarratt,* 94 N. C., 443; *Morris* v. *White,* 96 N. C., 91; *Albertson* v. *Williams,* 97 N. C., 264; *Jones* v. *Coffey, id.,* 347.

The judgment creditor should have insisted upon the due application of the money in the supplementary proceedings, and when the Court (the Clerk) refused to allow the present defendant J. M. Chichester to interplead, he should have excepted and appealed to the Judge.

The judgment must, therefore, be reversed, and an order entered dismissing the action without prejudice to any of the parties to the same.

Error.