W. E. ROSS v. AMANDA ROSS, et al.

*Practice—Supplemental Proceedings—Receiver.*

1. Where supplemental proceedings had discovered that the defendant held, partly in money and partly in *choses in action,* a specific fund which, in a suit brought for the purpose, the jury had found to belong to the plaintiff, and for the recovery of which the plaintiff had judgment according to the verdict, and the clerk by his order forbade the transfer of the securities and money and directed the defendant to pay over the same to the plaintiff, it was error in the judge on appeal, after approving the findings of fact by the clerk, to reverse the latter's order and appoint a receiver to take charge of the fund until the plaintiff should institute an action to recover the specific fund.
2. In such case, as soon as the supplemental proceedings had disclosed the existence of the fund in the defendant's hands which had been adjudged to belong to plaintiff, it only remained for the clerk to order the delivery of the fund to the plaintiff and to compel obedience to the order by attachment for contempt.

Ross *v.* Ross.

3. The old equity practice of granting a restraining order in one action until another can be brought between the same parties is foreign to the present *Code* system under which the court, when possessing jurisdiction of the parties and subject-matter, will proceed to administer all rights of the parties pertaining to the subject-matter.

PROCEEDING supplementary to execution, heard on appeal from the judgment of the Clerk of the Superior Court of VANCE county, before *Boykin, J., at Chambers*, on the 14th April, 1896. The facts appear in the opinion of Associate Justice CLARK. From his Honor's judgment appointing a receiver, etc., the defendant appealed.

*Messrs. T. T. Hicks* and *A. C. Zollicoffer*, for plaintiff. *Mr. T. M. Pittman*, for defendants (appellants).

CLARK, J.: The plaintiff sued for the recovery of specific articles and money constituting a fund which had been conveyed to the plaintiff by the defendant. The jury found upon issues submitted to them that no specific articles were detained by the defendant, but that she had three hundred dollars of the money of the specific fund which she should have delivered to the plaintiff. The verdict was made a part of the judgment, which decreed that the plaintiff should recover of the defendant $300, with interest "according to the verdict."

Upon supplemental proceedings it was found as a fact that the defendant still held (partly in money and partly in the *choses in action* and securities in which she had invested the balance thereof) this specific fund. The clerk thereupon properly forbade the transfer or conveyance of the *choses in action* and money, (*Code,* Sec. 488 (6),) and directed the same to be paid over to the plaintiff, (*Code,* Sec. 493,) and upon non-compliance issued a notice to show cause why the defendant should not be attached for con-

Ross v. Ross.

tempt. *Code*, Sec. 500. The defendant was not entitled to her personal property exemption in a fund already adjudged to be the property of the plaintiff. Upon appeal the judge approved the findings of fact by the clerk, but reversed his judgment, and on his own motion appointed a receiver to take possession of the fund until the plaintiff should institute an action to recover the specific fund. This was error. The appointment of a receiver and another action were alike unnecessary, for this action itself had been brought for the recovery of the specific fund, the jury had found it belonged to the plaintiff, and the judgment had directed the $300 to be paid over to the plaintiff "according to the verdict." When the supplemental proceedings disclosed that part of the fund was still in defendant's hands, and that the remainder had been since loaned out and invested in *choses in action*, it only remained to enforce the execution of the judgment by ordering the defendant to pay over the specific money and the notes taken for the other part of the money to the plaintiff, and to compel the enforcement of the order if not obeyed by attachment for contempt. *Wilson* v. *Chichester*, 107 N. C., 386. Had the judgment not been so clearly drawn in accordance with the verdict, the remedy would have been by motion in the cause on notice to the defendant to amend and correct the judgment in accordance with the verdict, and not by a new and independent action for the same cause of action. And in any view it was error to restrain defendant and hold the fund till the plaintiff could bring an independent action against her to recover the specific property. Granting a restraining order in one action till another action can be brought between the same parties was an incident of the old procedure when law and equity were divided, but is foreign to the present simpler system in

Ross *v.* Ross.

which, when the court possesses jurisdiction of the parties and subject-matter, it will proceed to administer all rights of those parties pertaining to that subject-matter. Under *The Code*, Section 497, when it is found that a third person, not a party to the action, claims an interest in the property, or denies the debt, which is sought by the plaintiff to be applied to his judgment as belonging to the judgment debtor, the court may, by an order in the cause, restrain the transfer of such property till the receiver can bring an action to recover it, but such action is brought by the receiver as the agent of the court, and is an entirely different matter from restraining a conveyance till the plaintiff may bring an independent action against the same defendant. Whatever rights the plaintiff has as against the defendant are determined by the judgment which is the foundation of the supplemental proceedings, which are merely to assist in the execution of the judgment by appropriate investigation and orders.

The judgment of the court below is reversed, and the case is remanded that judgment may be entered affirming the action of the clerk in accordance with this opinion.

Reversed.