L. C. CAMPBELL v. JOHN G. FARLEY ET AL.

(Filed 23 December, 1911.)

1. Judicial Sales—Courts—Death of Commissioner—Deeds and Conveyances—Custodia Legis—Motion in Cause—Procedure.

When a commissioner appointed by the court to sell land has done so in accordance with the order, and has since died without making a deed thereof to the purchaser at the sale who has paid the purchase money, the lands remain *in custodia legis,* and the remedy of an assignee of the purchaser in possession under the sale is by motion in the original cause for the appointment of a commissioner to complete the transaction by making a proper deed.

2. Judicial Sales—Order as to Payment—Directory—Time Not of the Essence—Irregularities.

When a sale of lands has been made by a commissioner appointed by the court under an order that the purchaser at the sale pay the purchase money by a certain time, and the purchase money has either been paid and accepted by the court or the proper parties in interest at a different or later date, it is immaterial that it was not paid *ad diem,* the order being merely directory, and time not being of the essence of the contract, but the matter being within the discretion and control of the court.

3. Judicial Sales—Courts—Confirmation—Nunc Pro Tunc.

When it appears that a purchaser at a judicial sale is entitled, under his motion in the cause, to have another commissioner appointed to make him a deed, which had not been done, owing to the death of a former commissioner, and it also appears that the sale has not been confirmed by the court, the confirmation may be made *nunc pro tunc*, if it is not dispensed with by an agreement of the parties.

APPEAL by defendant from *Cline, J.*, at Spring Term, 1911, of GRAHAM.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*Morphew & Phillips* for appellees.
*J. S. Adams* and *James H. Merrimon* for appellants.

WALKER, J. This is a motion in the original cause by the assignee of the purchaser at a judicial sale for the appointment of a commissioner to complete the sale, left unfinished by a former commissioner who has died, by executing a deed to the purchaser. Those who claim under the sale have had possession of the land ever since it was made. The court found as facts that the sale was made by the commissioner and reported to the court, and that the purchase price had been paid. A motion in this cause is the proper remedy. "There is no pretense that any deed has been executed to the purchaser of the land, sold under the order of the court, by an authorized servant of the court, and under its permission; and until that is done the land continues to be *in custodia legis,* and any relief which may be had in reference to it or the purchase money must be sought in the original proceeding." *Kemp v. Kemp,* 85 N. C., This doctrine is approved in *Wilson v. Chichester,* 107 N. C., 386. See, also, *Lord v. Beard,* 79 N. C., 9; *Mauney v. Pemberton,* 75 N. C., 221; *Long v. Jarrett,* 94 N. C., 445. It is true that the order of sale provided for the payment of the purchase money, either the whole thereof or by installments, at a certain time, but this was not mandatory; it was merely directory, as time was not of the essence of the transaction, and if the purchase money has since been paid and the court or the

plaintiff has accepted it, it is immaterial that it was not paid *ad diem,* and this is so as to any other irregularity, not affecting the substance or prejudicial to the rights of the parties, as is the case here. The court finds that the purchaser, R. L. Cooper, assigned his bid to W. P. Rose, and the latter assigned to the Union Development Company, by which this motion is made. It is also found as a fact that Earl P. Tatham, to whom Campbell conveyed his interest by deed, acquired his interest with full notice of the appellee's rights, if the adverse possession of the land by the purchaser and those claiming under him by assignment did not constitute notice in law. *Tankard v. Tankard,* 79 N. C., 54; *Edwards v. Thompson,* 71 N. C., 177.

There does not seem to be much stress laid upon the point as to the necessity for a confirmation of the sale by the court upon the report of the commissioner, but this can be done now by the court, *nunc pro tunc,* if it is not dispensed with by agreement of the parties. *Joyner v. Futrell,* 136 N. C., 301. A fair construction of the proceedings of the court and the facts in the case as found or admitted leads us to the conclusion that there was no error committed by his Honor in deciding this case.

No error.