## TUCKER v. QUICK. (4 Div. 794.)

(Court of Appeals of Alabama. June 30, 1922. Rehearing Denied Oct. 24, 1922.)

1. **Attachment** ⬠160 — **Levy of attachment writ by unbonded constable void.**

Under Code 1907, § 2947, the levy of an attachment writ by a special unbonded constable is void, warranting quashing of the levy.

2. **Appearance** ⬠9(7)—**Execution of replevy bond in attachment gives court jurisdiction of person.**

The execution of a replevy bond in attachment, although not so conditioned as to be a statutory bond under Code 1907, § 2955, is an admission of notice and sufficient to sustain the court's jurisdiction over defendant's person.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Action in assumpsit by S. M. Quick against R. B. Tucker. From a judgment for plaintiff, defendant appeals. Affirmed.

Certiorari denied, 94 South. 276.

Powell & Reid, of Andalusia, for appellant.

The levy made by a special constable was void. Code 1907, § 2947; 90 Ala. 138, 7 South. 531. The bond given by defendant not being a statutory replevy bond was not such as would authorize the issue of execu-

tion against the obligors for a failure to comply. Code 1907, §§ 2955, 2956; 146 Ala. 620, 41 South. 781, 119 Am. St. Rep. 54. The bond executed by defendant did not constitute 'an appearance for the reason that it was void, and such an appearance would not prevent the defendant from raising the question of jurisdiction by plea thereto. 197 Ala. 429, 73 South. 18; 54 Ala. 425; 93 Ala. 117, 9 South. 529; 165 Ala. 331, 51 South. 766; 2 Port. 162.

A. Whaley, of Andalusia, for appellee.

The execution and delivery of replevy bond was tantamount to an appearance and notice of the suit. 60 Ala. 413; 85 Ala. 215, 3 South. 788; 4 C. J. 686.

SAMFORD, J. The plaintiff, without making bond, began his suit against the defendant, who was a nonresident, by attachment issued by a justice of the peace, returnable to the circuit court; the amount claimed being in excess of the jurisdiction of the justice court. The attachment writ was placed in the hands of an unbonded special constable, who executed the writ by levying on a mule and buggy as the property of defendant. The defendant did not enter his unqualified appearance, as he might have done under the statute, thereby releasing the levy unless the plaintiff made bond, etc., but himself made bond for the forthcoming of the property, conditioned as follows:

"If the said R. B. Tucker shall deliver the property so levied on to the proper officer by 12 o'clock noon of the next term circuit court, at the courthouse door of said county, then this obligation to be void; otherwise, to remain in full force and effect."

This bond was approved by J. H. Price, D. S., June 26, 1920, and returned into the circuit court August 23, 1920. The defendant, by motion and special pleas, appearing specially for that purpose, first moved to dismiss and discharge the levy and dissolve the attachment. On this motion the court quashed the levy, but refused defendant's motion to dissolve the attachment. Defendant then filed the following plea:

"Now comes the defendant, and appears specially for the sole purpose of pleading to the jurisdiction of this court, and says that when this action was commenced he was a nonresident of the state of Alabama, and that he still is such nonresident; that at the time the suit was begun he was a resident of the state of Florida, and that he still is a resident of Florida; that the suit was commenced by plaintiff making and filing with W. G. Mathews, a justice of the peace in and for precinct No. 9 in Covington county, an affidavit, and the issuance by the said magistrate of a writ of attachment against this defendant's property, which said writ of attachment was made returnable to this court. Defendant avers that the said justice of the peace did not, by indorsement on said writ, direct it to be executed by the constable of the precinct. He avers, however, that the said writ was executed by one John Price, a special constable, by levying upon certain property belonging to this defendant, and the defendant thereupon regained possession of his said property so seized by the said special constable by executing bond with condition that the defendant should deliver .the property so levied on to the proper officer at the succeeding term of this court. Defendant avers that this court has heretofore entered an order or judgment vacating or discharging the said levy. He avers that he has not been served with any kind of process in this case, and that nothing, other that what is hereinabove set forth, has been done to authorize jurisdiction over this defendant in this case, and he alleges that this court is wholly without jurisdiction over this defendant herein. Wherefore he prays the judgment of the court."

Demurrer to this plea was sustained. The judgment on this ruling then recites:

"Subject to right of defendant to review the foregoing orders of the court the defendant appears and pleads. The defendant pleads the general issue in short by consent, with leave to give in evidence any matter, etc."

There was personal judgment against the defendant for the amount sued for, but no condemnation of the property.

[1, 2] The levy of the attachment writ by a special constable was void, and therefore the court properly quashed the levy. Code 1907, § 2947; Carter v. Ellis, 90 Ala. 138, 7 South. 531. But the execution by the defendant of the replevin bond, although not so conditioned as to be a statutory bond, is an admission of notice and sufficient to sustain the jurisdiction of the court over defendant's person. Chastain & Lawrence v. Armstrong, 85 Ala. 215, 3 South. 778; Peebles. v. Weir, 60 Ala. 413. Moreover, after appearing specially, the defendant pleaded to the merits. Upon this question the authorities are in hopeless conflict, and some of the text-writers hold that this is not a waiver. 2 R. C. L. p. 339, § 20. But a contrary view is held by our Supreme Court in Lampley v. Beavers, 25 Ala. 534, and also by the following: Creighton v. Kerr, 20 Wall. 8, 22 L. Ed. 309; Rocky Mt. Mills v. Wilmington & W. R. Co., 119 N. C. 693, 25 S. E. 792; Springfield Shingle Co. v. Edgecomb Mill Co., 52 Wash. 620, 101 Pac. 233, 35 L. R. A. (N. S.) 258; U. P. R. Co. v. De Busk, 12 Colo. 294, 20 Pac. 752, 3 L. R. A. 350, 13 Am. St. Rep. 221; Corbett v. P. Cas. Ass'n of A., 135 Wis. 505, 115 N. W. 365, 16 L. R. A. (N. S.) 177. We therefore hold that the irregularities appearing before plea were waived by the defendant's general plea to the merits.

We find no error in the record, and the judgment is affirmed.

Affirmed.