JOHN McCOLLUM AND WIFE, MATTIE McCOLLUM, v. HENRY SMITH AND LOUISE SMITH GRAY AND HUSBAND, CHARLES HOWARD GRAY.

(Filed 13 December, 1950.)

**1. Judgments § 29—**

As a general rule a judgment of a court of competent jurisdiction is final and binding on the parties to the action or proceeding, and those standing in privity to them.

**2. Same: Mortgages §§ 31h, 39b: Registration § 1—Decree of foreclosure held to estop attack on commissioner's deed on the ground of want of registration or because not executed within ten years of decree.**

Decree of foreclosure was entered directing the sale of lands and providing that the defendants therein should be forever barred from any and all equity of redemption if they failed to redeem before the date fixed for sale. More than ten years after the decree the commissioner executed deed to the purchaser at the sale, which deed recited that original deed to the purchaser had been lost or destroyed and had never been registered. *Held:* The defendants in the foreclosure action and those in privity with them are estopped to attack the title of the grantee in the commissioner's deed, and those who deraign title from such defendants may not maintain that the commissioner's deed was ineffective because not executed until more than ten years from the rendition of the decree of foreclosure, G.S. 1-47, G.S. 1-234, nor that the instruments in their chain of title were registered prior to the registration of the commissioner's deed, G.S. 47-18.

**3. Lost or Destroyed Instruments § 1—**

When a deed has once been delivered, its subsequent loss or destruction will not divest title to the grantee.

APPEAL by plaintiffs from *Frizzelle, J.,* at 11 August, 1950 (out of term), of CUMBERLAND.

Civil action instituted 12 January, 1949, to remove cloud from title to certain land in Cumberland County, North Carolina.

The original defendants were May E. Smith and her husband, Henry Smith, but she having since died, their only child Louise Smith Gray and her husband were made parties defendant.

From the pleadings and agreed statement of facts, the following appears:

I. Plaintiffs and defendants claim the 71 acres of land in question from a common source of title, Robert Strange, who with his wife, on 27 March, 1923, conveyed it to D. Walter Townsend, Jr. And on same date Townsend gave a mortgage deed to Strange conveying said land as security for two purchase money notes under seal maturing on or before 27 March in 1924 and 1925. Both the deed and the mortgage were registered three days later.

II. Plaintiffs deraign title from D. Walter Townsend, Jr., through the following *mesne* conveyances, all of which are registered in office of register of deeds of Cumberland County:

(1) On 1 December, 1923, D. Walter Townsend, Jr., and wife, by deed registered, as stated, conveyed four lots of said land to Eddie Smith and wife, who on same date gave a purchase money mortgage thereon, which was registered as stated. This mortgage was foreclosed by D. Walter Townsend, Jr., as mortgagee, and deed for three of the four lots was made to H. L. Townsend on 28 November, 1929.

(2) Also on 28 November, 1929, D. Walter Townsend, Jr., and wife made deed to H. L. Townsend purporting to convey the 71-acre tract of land (excepting said three lots), subject to the mortgage to Robert Strange, as set forth above in paragraph numbered I.

(3) On 1 September, 1930, H. L. Townsend and wife made deed to George McCollum and wife, purporting to convey the 71-acre tract of land, wherein the grantors promised to pay the remaining purchase money note to the estate of Robert Strange, mortgagee.

(4) Also on 1 September, 1930, George McCollum and wife gave a deed of trust to E. R. MacKethan, Jr., Trustee, conveying the 71-acre tract of land, to secure the payment to E. R. MacKethan and D. W. Townsend seven notes dated 1 September, 1930, maturing as specified and providing for accelerated maturity on default, at option of holder thereof.

(5) Thereafter, on 3 July, 1945, E. R. MacKethan, Jr., Trustee, purportedly under the power of sale in the last recited deed of trust, made deed to John McCollum and wife, reciting sale on 22 June, 1945, at $1,500.00. And at the purported foreclosure sale, defendant Henry R. Smith gave public notice of the claim and ownership of the lands by the defendants.

(6) And John McCollum and wife executed a deed of trust to A. E. Cook, Trustee for Crawford B. MacKethan, Guardian of E. R. MacKethan and D. W. Townsend, agent for the estate of D. W. Townsend,

deceased, securing $1,500.00 at 90 days, with interest from date. This and the last mentioned foreclosure deed were both registered on 12 July, 1945.

III.   On the other hand, defendants base their claim of title upon a judgment, dated 10 July, 1933, in a foreclosure action entitled "Henry R. Smith, administrator of Robert Strange, deceased, vs. D. W. Townsend and wife, Ella Townsend, Eddie D. Smith and wife, Alma Ann Smith, Geo. M. McCollum and wife, Ida Florence McCollum, and E. R. Mac-Kethan, Trustee."

This judgment recites that it appears that each defendant has been duly served with summons and a copy of the complaint in the cause, that time for answering has expired and no answer has been filed and that plaintiff is entitled to the relief prayed in his said complaint. And then, "It is, therefore, ordered, considered, adjudged and decreed that the plaintiffs recover judgment against defendants as follows:

"1. That he recover of defendant, E. W. Townsend, Jr., the sum of $750.00 with interest thereon from the 27th day of March, 1931, until paid.

"2. That the said amount be, and it is hereby declared to be a specific lien upon the 71 acres of land set out and described in paragraph three of the complaint, to wit: Lying and being in Cumberland County on the west side of the Cape Fear River"; specifically described as in the complaint in present action, "being the same land conveyed by Robert Strange and wife, Mae B. Strange, to D. W. Townsend, Jr., by deed dated March 27, 1923.

"3. That the defendants have two months from the date of this judgment to redeem said land by paying into court the full amount of the judgment, interest and costs, the last thirty days of which two months may run contemporaneously with the time of the advertisement of the sale and that after the expiration of said two months the said defendants, and each and all of them, shall be forever barred of any and all equity of redemption in said land or any part thereof.

"4. That the plaintiff be allowed to become a bidder and if necessary a purchaser of said land.

"5. That H. S. Averitt be, and he is hereby appointed commissioner to sell the land set out and in this judgment to the highest bidder for cash at the courthouse door in Cumberland County after due and lawful advertisement, and that he report his proceedings in this cause into the office of the clerk of the court.

"6. That he recover of the defendants his costs in this action . . ."

The judgment roll of the action of foreclosure, in which the foregoing judgment was rendered and docketed is lost, but the judgment is docketed in Judgment Docket in office of the Clerk of the Superior Court of

said county as indicated, and the following entry appears on this docket: "The land set out and described in the complaint in this action having been sold to Mrs. May Smith for $500, this judgment is cancelled as to the deficiency after giving credit for the $500 the land brought. This Sept. 21, 1934—H. S. Averitt, Plaintiff's attorney."

And the agreed facts identify and attach as an exhibit a copy of notice of sale of said land by Commissioner H. S. Averitt, dated 25 August, 1933, published in a certain local newspaper, weekly for four weeks, beginning 31 August, 1933, expressly "under a judgment and decree of the Superior Court in an action entitled 'Henry R. Smith, Administrator *d. b. n.* of Robert Strange, deceased, *vs.* D. W. Townsend, Jr., *et al.,*'" and fixing Monday, the 25th day of September, 1933, the first day of September Term of Superior Court, at 12 o'clock noon at the courthouse in Cumberland County as the time and place when and where the land would be exposed to sale to the highest bidder for cash,—the sale to be subject to confirmation by the court.

Thereafter on 10 August, 1945, H. S. Averitt, Commissioner appointed in the aforementioned and entitled action, made a deed to May H. Smith, purporting to convey said 71-acre tract of land, for purposes recited as follows: "That whereas, the said H. S. Averitt, Commissioner, being thereto licensed by a judgment and decree of the Superior Court, Cumberland County, North Carolina, in the above entitled action, did on Monday, the 25th day of September, 1933, being the first day of September term of the Superior Court, at the hour of 12:00 noon, at the Court House door in Cumberland County, North Carolina, after due and lawful advertisement, once a week for four weeks, in *People's Advocate,* a newspaper published in Cumberland County, and also by notices posted at the Court House Door and at three other public places in Cumberland County for thirty days next preceding the date of sale, expose to sale to the highest bidder for cash the land hereinafter described, at which time and place the said May H. Smith became the last and highest bidder for said land for the sum of Five Hundred and no/100 ($500.00) dollars; and whereas, it appears that after the lapse of the 20 days allowed by law from the date of sale, the said sale was confirmed and the said Commissioner on payment of the purchase-money executed to the said May H. Smith a deed in fee simple for said land which deed is now lost or mislaid and cannot be found, having never been registered and whereas, the said Commissioner is now willing to execute to the purchaser another deed for said land in lieu of the said deed which has been lost or mislaid."

Moreover, on 20 April, 1930, Fannie Strange and 17 others as the heirs at law of Robert Strange, deceased, as parties of the first part, in consideration of premises therein set forth, made a quitclaim deed to Henry R. Smith quitclaiming "all and singular their right, title and

interest in and to the estate of Robert Strange, deceased, be it real, personal or mixed, wheresoever the same may be situated, *saving and excepting,* however, any specific devise or bequest to any one of the parties of the first part in said last will and testament contained, . . . etc."

Defendants are and have been in the actual continuous possession of the 71 acres since the Fall of 1933.

And defendant Henry R. Smith paid the *ad valorem* taxes for the year 1930, when the land was listed in the name of H. L. Townsend, and for the years 1931, 1932 and 1933, when it was listed in the name of G. W. McCollum, and then listed it in his own name for the succeeding years, and paid the taxes through the year 1947.

Plaintiffs allege in their complaint that they are the owners in fee of the 71-acre tract; and that the claim of defendants is not valid either in law or equity because (1) under G.S. 1-47 and G.S. 1-234 the force of a judgment of any court is exhausted at the expiration of ten years from the rendition thereof, and hence the commissioner's deed to May H. Smith, described above, having been made more than ten years after the rendition of the judgment authorizing such deed, is invalid; and (2) under G.S. 47-18 no conveyance of land is valid to pass any property as against a purchaser for a valuable consideration unless such conveyance is registered; and plaintiffs are purchasers of this land for a valuable consideration at a time, and had their deed for such land registered, when there was no registration of defendants' purported deed.

Defendants, on the other hand, deny said allegations of plaintiffs' complaint and assert their claim of ownership of the land in question, and for further defense aver: (1) That plaintiffs are estopped from maintaining this action, by the judgment of 10 July, 1933, rendered on foreclosure action entitled as hereinbefore set forth,—forever foreclosing all of the defendants therein from any and all equity of redemption in the 71-acre tract of land mentioned in both actions. (2) "The defendants in the former action having failed to redeem the land as in the decree provided, and May H. Smith having become the owner thereof under the sale and conveyance by H. S. Averitt, commissioner, in 1933, and said defendants having abandoned all claim thereto, and neither listed nor paid the taxes thereon, and Henry R. Smith, owner of the estate of Robert Strange, deceased, and as his Administrator and the plaintiff in said action, relying thereon and the perpetual bar decreed against defendants therein, caused the judgment to be cancelled on the judgment docket on 21 September, 1934, as to the $250.00 deficiency; and the defendants in this action, and those under whom they claim, having listed and paid the annual taxes on the land for many years and also caused public notice to be given at the purported sale by E. R. MacKethan, Jr., Trustee, of the claim and ownership of the land by defendants, and those under whom

they claim, so that the plaintiffs in the present action had full notice and knowledge thereof, the plaintiffs herein, in good conscience, ought to be and are estopped now to claim the land or maintain this action."

And defendants aver that they and those under whom they claim are and have been in possession of the land in question, under known and visible lines and boundaries, and under color of title, for more than seven years next preceding the commencement of this action.

Defendants also plead the three year—the ten year—and the twenty year—statutes of limitations, respectively, in bar of this action.

The court, upon consideration of the pleadings and agreed statement of facts, and under pertinent and applicable principles of law, entered judgment declaring (1) that defendants are seized of said premises in fee and are rightfully in possession of the same; and (2) that plaintiffs have no right, title or interest in and to the same, and are not entitled to any of the relief sought by them; and (3) that defendants go without day and recover of plaintiffs their costs.

Plaintiffs appeal therefrom to Supreme Court and assign error.

*Tally & Tally and Alexander Cook for plaintiffs, appellants.*                :
*Robert H. Dye for defendants, appellees.*

WINBORNE, J.   Plaintiffs, as appellants on this appeal, on the facts of record, which they concede, and fairly so, we think, fail to show error in the judgment from which appeal is taken.   In their brief, as premises to argument on questions of law sought to be presented, appellants summarize the facts, in pertinent part, in this manner:

"By judgment of the Superior Court of Cumberland County dated and docketed 10 July, 1933, in an action to foreclose a mortgage, defendants were given a certain length of time in which to pay the balance of the mortgage indebtedness, otherwise to be perpetually barred from any interest in the land in controversy in this case and the land to be deeded to May H. Smith, a defendant (now deceased) in the instant case, and the successful bidder at the court-ordered sale.   Defendants did not redeem within time allowed.   Accordingly, the operative provisions of the judgment confirming sale to Mrs. Smith applied and deed should have been made to her by the court-appointed commissioner."

Thus appellants concede that the defendants in the foreclosure action did not redeem the land, either within the time specified or at any time, and that, hence, by the terms of the judgment therein rendered, they were "forever barred of any and all equity of redemption in said land or any part thereof."

The general rule is that a judgment of a court of competent jurisdiction is final and binding upon parties to the action or proceeding, and those

standing in privity to them. *Gibbs v. Higgins,* 215 N.C. 201, 1 S.E. 2d 554; *Current v. Webb,* 220 N.C. 425, 17 S.E. 2d 614, and others. The term "privity" means mutual or successive relationship to the same rights or property. Black's Law Dictionary.

In accordance with this principle of law, the judgment in the foreclosure proceeding is binding upon the defendants therein, and they are thereby barred of any equity of redemption in the land which was the subject of that proceeding. Hence there remained in no one of them any interest in the land, or any right to foreclose and sell the land under a deed of trust registered subsequent to the mortgage deed involved in the foreclosure proceeding. And the defendants there are the predecessors in title of the present plaintiffs as shown by the agreed facts, and these plaintiffs stand in privity to them in respect of the property in controversy.

Moreover, appellants, having further conceded that May H. Smith was "the successful bidder at the court-ordered sale," and that "the operative provisions of the judgment confirming sale to Mrs. Smith applied and deed should have been made to her by the court-appointed Commissioner," and it appearing that she paid the purchase price, she became more than a preferred bidder. See *Lord v. Meroney,* 79 N.C. 14; *Flemming v. Roberts,* 84 N.C. 533; *Kemp v. Kemp,* 85 N.C. 492; *Lynn v. Lowe,* 88 N.C. 478; *Long v. Jarratt,* 94 N.C. 444; *Campbell v. Farley,* 158 N.C. 42, 73 S.E. 103.

But whatever the rights of May H. Smith are, the plaintiffs, standing in privity to those parties expressly barred of rights in respect to the land involved, as above stated, are likewise barred and estopped, and they may not challenge the rights of May H. Smith as successful bidder at the foreclosure sale.

Nevertheless, there is evidence in the agreed facts to support a finding that a deed was made to May H. Smith prior to 21 September, 1934, the date of the marginal entry on the judgment docket. And when a deed has once been delivered its subsequent loss or destruction will not divest title to the grantee. See *Powers v. Murray,* 185 N.C. 336, 117 S.E. 161.

In the light of these principles and holdings, other questions need not be treated,—and the judgment below is

Affirmed.